AUGUST HEMAN, Respondent, v. R. H. PAYNE ET AL., Appellants.

27a 481
33a 164
33a 204

St. Louis Court of Appeals, October 25, 1887.

1. PLEADING MUNICIPAL ORDINANCES.— In pleading an ordinance of the city of St. Louis, the ordinance need not be set out in full, nor need the steps leading to its enactment be recited, unless they constitute jurisdictional facts in proceedings wherein the jurisdiction of the court is special and limited.

2. SPECIAL TAXES—EVIDENCE.—A special tax bill is *prima-facie* evidence that the person named therein is the owner of the property sought to be charged and that the property is_ subject to the charge.

3. SEWERS—WHAT IS PUBLIC.—District sewers in the city of St. Louis must connect with a public sewer .or with a natural course of drainage, but this connection may be through some intermediate district sewer over which the city has absolute control.

4. ———— Public sewers must be established by ordinance, and can not be created by user alone.

APPEAL from the St. Louis Circuit Court, GEORGE W. LUBKE, Judge.

*Reversed and remanded.*

FORD & PAYNE, for the appellants : That said sewer was "made to connect with a public sewer or a natural course of drainage," was a constitutive fact, and also that the ordinance ( on which this whole proceeding rests ) was passed on the recommendation of the board of public improvements, or on the petition of a majority of the property holders resident in said sewer district. Section 22, article 6, of the Scheme and Charter ; *City of St. Louis v. Gleason*, 89 Mo. 67 ; *Nichols, Shepard & Co. v. Larkin*, 79 Mo. 264, 271 ; *Kane v. Klausman*, 21 Mo. App. 485 ; *Thrush v. City of Cameron*, 21 Mo.

VOL. xxvii—31

App. 394; *Rumsey Manufacturing Co. v. Schell City*, 21 Mo. App. 175, 181; *Staley Furnishing Co. v. Wallace*, 21 Mo. App. 128, 132; *Inhabitants of Butler v. Robinson*, 75 Mo. 192. The tax bill was invalid because the so-called district sewer was made to connect with a private sewer, and not with a public sewer, or a natural course of drainage. Sections 22 and 23, article 6, Scheme and Charter; *Perkinson v. Partridge*, 3 Mo. App. 60; *City v. Gleason*, 89 Mo. 67; *Kansas City v. Swope*, 79 Mo. 446; 1 Dillon Mun. Corp., sect. 423.

T. J. Cornelius, for the respondent: The sewer connection was such as to comply with the requirements of the law. *Eyerman v. Blakesly*, 78 Mo. 151.

Rombauer, J., delivered the opinion of the court.

This is a suit upon a special tax bill issued for work done in the construction of a district sewer in the city of St. Louis. The case was tried by the court without the intervention of a jury and resulted in a judgment for the plaintiff. The appealing defendants assign the following errors: (1) That the court erred in overruling the motion in arrest of judgment, as the petition fails to state facts sufficient to constitute a cause of action. (2) That the court admitted illegal evidence against the objection of the defendants. (3) That the court gave erroneous declarations of law for the plaintiff and refused to give correct declarations of law asked by the defendants.

The objection made to the petition is that it fails to allege that the district sewer was made to connect with a public sewer or a natural course of drainage. The defendants claim that this is the statement of a constitutive fact and its omission made the petition fatally defective. This, however, is a misconception of the law. It is not essential in pleading an ordinance to set it out *in haec verba*, or to recite all its details. The general averment that the ordinance, stating its general purport, was duly

enacted is usually sufficient. The petition in condemnation proceedings forms an exception to the general rule because the circuit court therein exercises a special and limited jurisdiction, and all facts which are essential to give it such jurisdiction must be averred, being jurisdictional facts. The case of *City of St. Louis. v. Gleason* (89 Mo. 67), is authority to support the latter position, but not the position taken by the appellants in this case. The petition here is sufficient in its averments and the court committed no error in overruling the defendants' motion in arrest.

The defendants' answer consisted of a general denial of all facts stated in the petition except the defendants' ownership, and by way of special defence added that the district sewer, for the construction of which the tax bill sued on was issued, was not made to connect with a public sewer, nor was it made to connect with a natural course of drainage.

The plaintiff offered in evidence the special tax bill whereon the suit was founded, first having proved its proper execution by the officers of the city authorized to issue the same. The defendants objected to its introduction in evidence, unless antecedent facts essential to give it validity were first established, but the objection was overruled and the tax bill admitted in evidence, the tax bill and proof of demand of its payment by the plaintiff constituting all the evidence of the plaintiff's case in chief. The question thus arises whether the tax bill, without further proof, is sufficient to establish *prima facie* the liability of the defendants' property for the amount therein stated, and to shift the burden of proof.

We consider argument on this question precluded by the decision of the Supreme Court in *Ess v. Bouton* (64 Mo. 106), where it was held that the provision in the charter of the City of Kansas, making tax bills "*prima-facie* evidence that the work and material charged in such bill have been furnished, and of the liability of the person therein named as the owner of such property,"

made such tax bill *prima facie* evidence of the owner's liability, and dispensed with proof of any contract under which the work was done. The charter provision which is construed in the present case uses the words, "and of the liability of the person therein named as the owner of the land charged with such bill to pay the same," and is, if anything, more sweeping than the charter provision construed in *Ess v. Bouton.* This will suffice to show that there was no error in the court's admitting the tax bill in evidence without proof of any antecedent facts on which its ultimate validity depended.

The defendants introduced evidence tending to show that the city of St. Louis, in the year 1864, granted to Henry Ames & Company, by ordinance, the right, under the direction of the city engineer, to construct a sewer on Bogy Street; that the sewer was so constructed by Henry Ames & Company, and that, subsequently, the city connected this sewer with the Mississippi river, which is admitted to be its natural course of drainage. The defendants introduced further evidence tending to show that the city of St. Louis, in constructing the district sewer, for part of the work on which the tax bill in controversy was issued, connected it with the Henry Ames & Company sewer, and that the drainage of the sewer thus constructed was through said Ames sewer, and its terminus constructed by the city, into the Mississippi river.

The plaintiff, in rebuttal, gave evidence tending to show that the Ames sewer was of sufficient dimensions to drain the entire sewer district, and that the city had been using said sewer, for a number of years, in connection with its sewer system, and also introduced in evidence the following ordinance of the city of St. Louis, the date of the passage whereof does not appear:

"The city shall have the right at all times, through the sewer commissioner, or any proper officer, to connect with and use any private sewer built on any public street, alley, or highway, for draining the streets, or for any public purpose, and also to reconstruct, or to close up,

or disconnect from any public or district sewer, any private sewer constructed in violation of the provisions of this chapter, or which may, from any cause, become a nuisance."

This being all the material evidence in the case the court, upon the request of the plaintiff, gave the following declaration of law:

"The court declares the law to be that, if the evidence shows that the plaintiff built the district sewer in Brooklin Street, Sewer District No. 1, and that the sewer was made to connect with a sewer built under an ordinance passed in 1864, granting permission to one H. Ames to build a private sewer; that said private sewer was of a capacity prescribed in the ordinance therefor, and such capacity was more than sufficient to drain the territory within said sewer district, and that since the construction of said private sewer, and before the passage of the ordinance for said district sewer, the city had for years been using said private sewer as a public sewer, and as part of the sewerage of the city, and that the contents of said district sewer passed through said private sewer and into the river by a natural course of drainage, then the plaintiff's right to recover is not defeated, although the district sewer ordinance does not prescribe the connection said district sewer should have."

By the charter of the city of St. Louis (art. VI., sect. 20) a sewer system is established and divided into three classes, public, district, and private sewers. Public sewers are to be established and constructed along the principal course of drainage, at such times, etc., as may be provided by ordinance. District sewers are to be established within the limits of districts to be prescribed by ordinance, so as to connect with a public sewer, or some natural course of drainage. Private sewers, connecting with the public and district sewers, are to be constructed under such restrictions and regulations as the assembly may prescribe, but the city is to

be at no expense in the construction, repairing, or cleaning of the same.

The Supreme Court, in construing the charter provision which requires a district sewer to connect with a public sewer, or some natural course of drainage, held, in *Eyerman v. Blaksly* (78 Mo. 151), that the requirement is satisfied if the district sewer connects with another district sewer already constructed, which, in its turn, connects with a public sewer—that is, that the connection need not be direct and immediate. Says the court: "It can not be that the assembly is not authorized, when it finds a district sewer already constructed with a sufficient capacity to drain an adjacent district, also, to connect the sewer in the latter district with the public sewer through the sewer in the adjacent district."

But can it be said that the mandate of the charter is satisfied if the intermediate connection consists of a private sewer? Certainly not. The city is prohibited by its charter from incurring any expense in the construction, repairs, and cleaning of private sewers, and although the fact that the Ames sewer is built in a public street may give the city certain control over it, and although the city endeavored to exercise such control by the enactment of the ordinance offered in evidence by the plaintiff in rebuttal, yet, these facts can not of themselves change the character of the Ames sewer.

The plaintiff, aware of this difficulty, requested the court to declare "that if the city had been using said private sewer as a public sewer, and as a part of the sewerage of the city," the condition was satisfied. We deem it unnecessary to decide whether, in the absence of a legislative provision to the contrary, mere use by the public, even with the consent of the owner, can transform a private into a public sewer, because it is clear that such can not be the result in face of the legislative declaration that public sewers shall be established by ordinance.

It results that the declaration of law made by the

court in behalf of the plaintiff was erroneous, and the judgment of the court based upon such declaration is unwarranted.

The judgment is reversed, and the cause remanded. All the judges concur.