JOHN DONOVAN *et al.*, Respondents, v. EDWARD COLES, JR., *et al.*, Appellants.

**St. Louis Court of Appeals, December 11, 1888.**

Special Tax-Bill: STREET PAVING: MARKET-PLACE. It is no defense against a special tax-bill for paving in front of the defendant's lot in the city of St. Louis, that the space paved was designated by ordinance as a market-place, and used by the city as a stand for market-wagons.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*J. W. Collins*, for the appellants.

The city of St. Louis has power by its charter to vacate streets and establish market-places. Scheme and Charter of St. Louis, chap. 26, sec. 2. The area or space in front of appellants' lot, alleged in the petition to be Third street, is not a street, but is a city market set aside and established as such by ordinance No. 10,364 of the city of St. Louis, on September 7, 1877, ever since which time it has been used, occupied, rented and regulated by the city as such. Ordinance City St. Louis, No. 10,364, secs. 3 and 13. It was not necessary to resort to judicial proceedings to set Broadway and its sidewalks aside as a market, or to vacate it as a street. The action of

Donovan v. Coles.

the city council in passing the ordinance was sufficient to effect this. Their right to do so was legislative. *Whitsett v. Railroad*, 10 Col. 243; *State ex rel. v. Rapp*, 38 N. W. Rep. 927; 2 Dill. Mun. Corp. sec. 666. The city had no power or authority by its charter to contract with respondents for the reconstruction of this market and charge or assess the cost thereof against appellants, or their lot as adjoining property-owners. They are not liable for the reconstruction of a city market. The assessment made by the city against appellants and upon their lot being illegal and void, respondents should look to the city for the contract price of such reconstruction. *Schofield v. Council Bluffs*, 68 Iowa, 695. The maintenance of a market-place where fruit, vegetables, fish, or other things are sold, either permanently or habitually, or the keeping of a hack-stand, or the congregation of horses and wagons, or any other kind of an encroachment on the public streets or sidewalks, is a public and private nuisance. *McDonald v. Mayor*, 42 N. J. Eq. 136; *Ely v. Campbell*, 59 How. Pr. 333; *People v. O'Reily*, 59 How. Pr. 277; *The State v. Berdetta*, 73 Ind. 185; *City v. Gaston*, 58 Ind. 224; *Turner v. Holtzman*, 54 Md. 148; *Lutterloh v. Mayor*, 15 Fla. 306; *Com. v. King*, 13 Met. 115; *The King v. Wright*, 3 Barn. & Ad. 681; *Lavery v. Hannigan*, 52 Supr. Ct. 463; *People v. Cunningham*, 1 Denio, 524; *Harrower v. Riston*, 37 Barb. 301; *People v. Vanderbilt*, 28 N. Y. 396; *St. John v. The Mayor*, 3 Bosworth, 483; *Rex v. Cross*, 3 Camp, 224; Wood on Nuisances, secs. 250, 252, 253, 254 and 267; 1 Dill. Mun. Corp., sec. 383. The city having set aside Broadway and its sidewalks as a market-place by ordinance in 1877, and having ever since used, rented and occupied it as such, it is estopped from holding it to be a street, for the purpose of reconstruction, so as to charge adjoining property with the cost thereof. The city and respondents are in privity and are bound by the same rule.

*Martin, Laughlin & Kern*, for the respondents.

The argument of appellants assumes that the city has vacated Broadway from the bridge to Cass avenue. But such is not the fact. No ordinance vacating the street has been produced. Whether the ordinance exceeds the proper limit of the police power is a question which need not be considered, because no solution of it could change the fact that the street has not been vacated. The evidence elicited from the witnesses of defendants is to the effect that as a matter of fact the street remains still the highway of public travel as before, and that there is no substantial obstruction to the use of the street.

ROMBAUER, P. J., delivered the opinion of the court.

This is an action upon a special tax-bill issued to the plaintiffs for paving part of Third street between Morgan and Biddle in the city of St. Louis. The only defense interposed is that the space improved in front of the defendant's lot is not a public street, but a city market-place owned, used and rented by the city of St. Louis as such.

There was judgment for the plaintiffs in the trial court, and the defendants appealing assign for error the refusal of their instruction to the effect that if the place improved was, at the date of the work sued for, a market.place under the ordinance offered in evidence, then plaintiffs could not recover, and also that the judgment is not supported by the evidence.

The ordinance in question is as follows:  "Sec. 3. All that portion of Broadway from a point fifty feet north of the north line of the bridge, and south of Cass avenue, and all the sidewalks thereof, and the market-house erected on the lot of ground fronting on Biddle street forty-nine feet and three inches in depth, and

more particularly described as being bounded on the north by O'Fallon street, east by Broadway, south by Biddle street and west by Fifth street, shall constitute and be known as the city market.    Sec. 13.  All that portion of Broadway on either side thereof, next to the sidewalk, which is between Christy avenue and Howard street, is hereby set apart for farmers, and other wagons bringing produce to market for sale, provided that a space of ten feet shall be kept vacant opposite each store or building alternately, in such manner that there shall be a continuous space of twenty feet vacant opposite each of two of such stores or buildings, for the use of vehicles conveying goods, wares or merchandise, to or from the same, and it shall be the duty of the market-master of the city market, to strictly enforce the above provisions, and when necessary to summon a sufficient number of police to accomplish that object."

In addition to the ordinance, the defendants gave evidence tending to show that the city rented wagon-stands on the space in front of defendants' lot, and derived a revenue therefrom ; that the wagons on these stands occupied the space for a small part of the day, and that in other respects the space was used as any other public street in the city of St. Louis.

The special tax-bill offered in evidence by plaintiffs was *prima-facie* evidence in their favor that the work and material charged in such bill have been furnished, and of the liability of the person therein named as owner of such property.  *Heman v. Payne*, 27 Mo. App. 483 ; *Ess v. Bouton*, 64 Mo. 106.  This disposes of the defendants' objection that the judgment is not supported by the evidence.

The affirmative defense attempted was wholly insufficient.  The fact that the street was designated by the ordinance as a market, and part of it used by the city as a stand for market-wagons, did not amount to a vacation of the street.  This was expressly decided in

*Bixler v. Hagan*, 42 Mo. 367, 374, under an ordinance almost identical in terms. That decision precludes all argument on that subject. The appeal is without merit.

Judgment affirmed. All the judges concur.