AUGUST HEMAN, Respondent, v. MARCUS A. WOLFF, Appellant.

St. Louis Court of Appeals, December 11, 1888.

1. **Special Tax-bills: SEWER BENEFITS.** A special tax-bill for sewer construction is *prima-facie* evidence that the property charged is benefited by the sewer constructed.

2. **Special Tax-bill: CHARTER LIMITATION.** The St. Louis charter limitation of special tax-bills to twenty-five per centum of the value of the property charged applies to street improvements only, and there is no practical limitation on the amount of special tax-bills for the construction of sewers.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES A. SEDDON, Judge.

AFFIRMED.

*Frank Hicks*, for the appellant.

The city charter and the law permits the inclusion within a sewer district of only those lands which are

benefited by the system of sewerage to be constructed in said district. The inclusion by ordinance of lands within a sewer district is not conclusive of the question whether such lands are benefited or equally benefited by the system of sewerage to be constructed in such district. It is a principle recognized wherever special taxes or local assessments are upheld, that special benefits to the property assessed, by reason of the local improvement, is the true and only foundation upon which local assessments can rest. 2 Dillon Mun. Corp. [3 Ed.] p. 755, sec. 761, par. 3. Our supreme court has repeatedly announced the same doctrine, viz., that local assessments are constitutional only when imposed to pay for local improvements conferring special benefits. *Neenan v. Smith*, 50 Mo. 525 ; *State v. Leffingwell*, 54 Mo. 458. It must be concluded upon these general considerations that a necessary limitation upon the power of the council is that the property embraced in the taxing district must be such as is or may possibly be benefited by the improvement. See 2 Dillon Mun. Corp. [3 Ed.] p. 755, sec. 761; *Thomas v. Gain*, 35 Mich. 155 ; *O'Meara v. Green*, 16 Mo. App. 118 ; s. c., 25 Mo. App. 198. In support of the position that a district sewer is in itself a system which must relate and be of possible service to all the property in the district, especial attention is called to the language of the court, in *Eyerman v. Blakesley*, 78 Mo. 151. *In re Sackett*; 74 N. Y. 100 ; Cooley on Taxation, 619 ; *Barton v. Syracuse*, 37 Barb. 292 ; *People v. Brooklyn*, 23 Barb. 174 ; *City v. Swope*, 79 Mo. 446. As to the second special defense : This defense presents the question, whether the provision appearing in the latter part of section 18 of article 6 of the city charter is applicable to special taxes for sewers. The language of the clause containing this provision is general, and is applicable to all special taxes. Aside from the provisions of said section 18, with respect to the two lots whose values are less than the amounts of the

special tax-bills issued against them, there should be no recovery. *City to use v. Allen,* 53 Mo. 55; *Neenan v. Smith,* 50 Mo. 525; *Zoeller v. Kellogg,* 4 Mo. App. 163.

*T. J. Cornelius* and *Thomas Rowe,* for the respondent.

"Nor can the assembly establish a sewer district except by ordinance, as approved by the board of public improvement. * * * It is to be presumed that the board will not approve an ordinance to establish a district until the necessity for it is apparent, and when that is so it is equally apparent that there is a present necessity for the construction of the sewer." *Eyerman v. Blakesley,* 78 Mo. 145. The board in recommending, and the assembly "in passing the ordinance, necessarily exercised the discretionary power given by the statute, and must be presumed to have formed an opinion of the necessity or desirableness of the improvement." *Young v. City,* 47 Mo. 494; *McCormick v. Patchin,* 53 Mo. 33. "The recommendation by the board of the passage of such an ordinance is a sufficient declaration of the necessity of such a sewer." *Sheehan v. Martin,* 10 Mo. App. 285; *Eyermann v. Blakesley,* 9 Mo. App. 231; s. c., 78 Mo. 145. As to the defense that the special taxes exceed twenty-five per cent. of the assessed valuation of the lots, the law is that special assessments "are not regarded as a tax, but as an assessment for improvement, and are not considered as a burden, but as an equivalent or compensation for the enhanced value which the property derives from the improvement." *Sheehan v. Hospital,* 50 Mo. 155; *Neenan v. Smith,* 50 Mo. 525; *Lockwood v. St. Louis,* 24 Mo. 20; *Adams v. Lindell,* 74 Mo. 198; s. c., 5 Mo. App. 197–212. But apart from these authorities, it is plain that the twenty-five per cent. provision of the charter relating to public

improvements has no bearing upon the assessments made for the construction of a sewer district. The construction of sewers, and the mode of paying therefor, is made a separate and distinct provision in the charter.

PEERS, J., delivered the opinion of the court.

This suit was instituted upon eleven special tax-bills issued for the alleged proportionate cost of constructing sewers in Gingrass Creek Sewer District No. 2. The defenses interposed, are : (1) That the sewer improvements forming part of the aggregate work, as far as they drain or benefit the defendant's property, consist of clay pipe sewers, which connect directly with a public sewer known as Prairie Avenue Sewer, and which is no part of the system of the drainage or sewerage of Gingrass Creek Sewer District No. 2 ; that the property charged has no benefit of the costly district sewer built in that district and is therefore not chargeable with the proportionate cost. (2) That the assessment of the special tax on each lot sought to be charged is in excess of twenty-five per centum of the value of the lot and void as to such excess under the limitation established by the city charter.

The trial of the cause by the court without the intervention of a jury, resulted in a judgment for plaintiff for the full amount of the bills.

There is no assignment of errors in the defendant's brief, although the general drag-net assignment has been filed as usual. As no instructions were asked, except one in the nature of a demurrer to the evidence, and as no objections were made to any evidence, except to the admission of the special tax-bills in evidence, we must gather the defendant's complaints as best we can from the printed argument of his counsel.

It is contended that since the district sewer is of no benefit in draining the defendant's property, and since all special assessments of this character can be upheld

only as special benefit taxes, the court should have excluded the tax-bills when offered in evidence, and given the declaration of law asked by the defendant. Without entering into a discussion of the merits of the premises of this argument, it will suffice to say that the question is not properly before us, and we need not decide whether or not property annexed to a sewer district which neither is nor can be drained into the district sewer constructed therein, can become taxable for the construction of such sewer, since the evidence makes out no such case.

. The only evidence on that point is that of the plaintiff, who on cross-examination states (such being the admitted fact) that at present the defendant's property is not drained into this district sewer, thus constructed. It does not appear, however, either that it is not intended thus to be drained hereafter, or that such drainage, owing to the surrounding physical facts, is impracticable.

The tax-bills were *prima-facie* evidence of the liability of the owner of the property therein named. *Ess v. Bouton*, 64 Mo. 106; *Heman v. Payne*, 27 Mo. App. 483. They were thus *prima-facie* evidence of the minor fact that the property had been benefited to the amount charged. *Seibert v. Tiffany*, 8 Mo. App. 33. Being such evidence they were necessarily admissible, unless their *prima-facie* effect was done away with by other evidence offered by plaintiff himself. Hence the objection to their admission was properly overruled and the defendant's request for a non-suit was properly refused.

On the second point the defendant offered affirmative evidence tending to show that the tax was largely in excess of twenty-five per centum of the value of the property. The limitation contained in section 18, article 6, of the charter, has reference to street improvements only. The context of the entire article

admits of no other construction, and there is practically no limit in the levy of special sewer taxes. The argument advanced in *Zoeller v. Kellogg*, 4 Mo. App. 163, in favor of limitation of special taxes, regardless of any limitation by positive provisions of law, is untenable, as was shown in *Allen v. Krenning*, 23 Mo. App. 569, and the former case was substantially overruled in the latter.

There is no error in the record and the judgment is affirmed with the concurrence of the other judges.