HENRY PERKINSON, Respondent, v. GEORGE PARTRIDGE,
Appellant.

November 14, 1876.

1. The Charter of the city of St. Louis, of March 4, 1870, requires plans, pro-
files, and estimates of the cost of street improvements to be submitted to
the City Council, in cases where the city is to bear any part of the cost
thereof, before the passage of the ordinance providing for such improve-
ments.  *Held*, that where this is not done the ordinance is void, and a
recovery cannot be had against private property charged under such ordi-
nance with a part of the cost of such improvements.

APPEAL from St. Louis Circuit Court.
*Reversed and remanded.*

*Lucien Eaton*, for appellant, cited: City of St. Louis to
use *v.* Allen, 53 Mo. 44; The State to use *v.* City of St.
Louis, 56 Mo. 277; City of St. Louis *v.* Clemens, 49 Mo.
552; Weber *v.* Schergens, 69 Mo. 389; Carroll *v.* Eaton,
2 Mo. App. 479; City Chart. 1867, art. 8, sec. 11; Sess.
Acts 1870, p. 481, see. 15; Warren *v.* City of Grand
Haven, 30 Mich. 24; Brewster *v.* City of Newark, 11 N.
J. Eq. (3 Stock.) 114.

*Thomas Grace*, for respondent, cited: Sess. Acts 1870,
pp. 479–482, secs. 7–9, 14, 15; Sess. Acts 1871, p. 193,
sec. 1; Carlan *v.* Cavender, 56 Mo. 286; The State, etc.,
*v.* City of St. Louis, 56 Mo. 277.

BAKEWELL, J., delivered the opinion of the court.

This is a suit on a special tax bill for curbing, guttering,
paving, macadamizing, and making cross-walks on Ware
Avenue, in the city of St. Louis.

It appears from the pleadings and evidence that the city
of St. Louis, under ordinance 7479, contracted with plaint-
iff to do the work set out in the bill.   The tax bill is dated
June 1, 1872.

On the trial defendant read in evidence ordinance 7479
and contract 2338, under which the work was done.

The ordinance authorizes the city engineer to cause Ware Avenue, from Lucas Avenue to Olive Street, to be "graded, curbed, guttered, macadamized, the cross-walks and side-walks to be constructed, and all proper connections and inter-sections with other streets to be made," and provides $1,260 for the cost of grading, to be paid by the city "out of the fund set apart for the improvement of streets in the Second District."

This ordinance was not accompanied with plans, profiles, and specifications; and no plans, profiles, or specifications of the work were ever submitted to the City Council.

The defendant asked the following instruction, which was refused:

"If from the evidence it appears that the city engineer did not submit to the City Council plans, profiles, and esti-mates of the entire cost of the work of improving Ware Avenue, set forth in ordinance 7479 read in evidence, before said ordinance was passed, then said ordinance is void, and plaintiff cannot recover."

To the refusal of this and other instructions defendant excepted.

No instructions were given.

There was a verdict and judgment for $357.79; the bill was adjudged a lien on the property sought to be charged, and execution awarded against the property.

This judgment must be set aside. The ordinance was in part for work to be done and paid for by the city, and it made an appropriation for that purpose. The grading for which the city was to pay was a part of, and the foundation of, the whole work; and, though an estimate of the cost of the grading was made by the engineer and incorporated in the ordinance, there were no plans, profiles, or specifications for this work submitted to the City Council as the law re-quires. Chart. March 4, 1870, art. 8, sec. 17. The pro-vision for grading cannot be stricken out from the ordi-

nance and the ordinance sustained as to its other provisions. The street cannot be paved before it is graded.

The Supreme Court has decided that, where the work is to be done and paid for by the city, the plans, profiles, and estimates called for by the charter must be submitted to the City Council. *The State* ex rel. v. *City of St. Louis,* 56 Mo. 277.

The judgment is reversed and the cause remanded. All the judges concur.