AUGUST SEIBERT, Respondent, *v.* DEXTER TIFFANY, Appellant.

November 11, 1879.

1. Where it appears that the assessment enforced by a judgment upon a special tax-bill was made upon the basis that each lot should be charged with that proportion which its frontage bears to that of all the lots; where the cost of the whole work, the ratio per front foot, and the defendant's proportion appears, and no error in the calculation is shown, the bill

will be sustained, where the ordinance is susceptible of such a construction.

2. The legal theory that the improvement of a street benefits the property charged, cannot be contradicted by testimony that the improvement brought other property into market, thus decreasing the value of the property charged.

3. The tax-bill makes out a *prima facie* case, and if it is claimed that no plans, profiles, and specifications were submitted to the Council, he must show such failure.

4. A counter-claim for stone taken from the property sought to be charged, and used in the improvement, cannot be allowed in an action on a special tax-bill.

5. The passage of the ordinance is conclusive as to the necessity of the work.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

DEXTER TIFFANY, *pro se:* The bill sued on embraced two lots, one of which only was chargeable with any portion of the work, and therefore was illegal and void, and judgment should have been for defendant. — *Miller* v. *Anheuser*, 4 Mo. App. 436 ; *Kefferstein* v. *Holliday*, 3 Mo. App. 569. The mode of assessment prescribed by the ordinance was unjust and improper. — *Neenan* v. *Smith*, 50 Mo. 531 ; *City* v. *Clemens*, 49 Mo. 554 ; *Weber* v. *Scerzens*, 59 Mo. 389 ; *Zoeller* v. *Kellogg*, 4 Mo. App. 163. The pleadings raise the issue that no plans or profiles were attached to the ordinance, and the plaintiff failed to show that there were any such. Surely the defendant cannot be held to prove a negative. — *Perkinson* v. *Partridge*, 3 Mo. App. 60, and cases cited. A counter-claim may be for unliquidated damages. — *Schubert* v. *Harteau*, 34 Barb. 447.

L. GOTTSCHALK, for the respondent : An assessment, if wrong, may be corrected. — *Kiley* v. *Cranor*, 51 Mo. 54 ; *Kiley* v. *Oppenheimer*, 55 Mo. 375. And even at the trial, any error in the assessment may be corrected. — *Neenan* v. *Smith*, 60 Mo. 229 ; *Bank* v. *Arnold*, 63 Mo. 229 ; *Bank* v. *Nelson*, 64 Mo. 418. The passage of the ordinance is conclusive as to the necessity for the work. — *Miller* v. *Anheuser*, 2 Mo. App. 168 ; *Bohle* v. *Stannard*, 7 Mo. App. 51.

HAYDEN, J., delivered the opinion of the court.

This is a suit on a special tax-bill issued against property of the defendant at the corner of Chouteau and Grand Avenues, in the city of St. Louis, for work done in curbing, guttering, macadamizing, etc., the latter street. The defendant pleaded various matters; among others, that the ordinance is void, as requiring each lot to be assessed in proportion to the linear quantity bordering or fronting on any one finished block. But a proper construction of the ordinance does not necessarily require this; and, in point of fact, the clause as to the one block was disregarded, and the property ultimately assessed in the proportion that the extent in front feet upon Grand Avenue bore to the whole frontage. The ordinance — No. 8593 — to improve Grand Avenue from Vista to Chouteau Avenue, approved on July 16, 1873, was passed in pursuance of the fifth subdivision of the first section of the third article of the City Charter of 1870, and this ordinance is susceptible of the construction which was evidently put upon it upon reassessment, by which it would appear that the cost of the work was divided among all the lots in proportion to their frontage on Grand Avenue, where the work was done. The defendant confines himself to criticising the words of the ordinance, instead of showing that the actual assessment, as enforced by the judgment, was not upon the basis that "each lot shall be charged in the proportion that its frontage bears to that of all the lots." *Neenan v. Smith*, 50 Mo. 531. The cost of the whole work appears, the ratio per front foot, and the defendant's proportion. He failed to show any error in the calculation. His objections appear to be based upon a misuse of the term "frontage," and upon an assumption that other assessments are here in question than that for work done upon the street called Grand Avenue. The lot in question was bounded by Caswell Street, also by Chouteau Avenue, and on the west by Grand Avenue. But there is here no question of any

assessment for work done on any street except Grand
Avenue, and arguments based upon assessments for work
upon other streets, in addition to the present assessment,
have nothing to do with this case. The present assessment
appears to have that uniformity which the law demands,
and the language — " in proportion to the linear quantity" of
the property bordering or fronting on the street — in the
ordinance appears to have been interpreted by the city
authorities that each lot should be charged with that pro-
portion which the number of its front feet on Grand Avenue
bore to the frontage of all the lots thus benefited. The
defendant did not attack the computation by showing any
error militating against the correct theory, but insists that
his Grand Avenue front was not a " front" but a " side."
How one boundary of a vacant lot, facing three streets, can
be said to be peculiarly a " side," and not a " front," it is
not easy to see. It is sufficient, however, in law that the
property bordered upon Grand Avenue. The description
of the tax-bill, indeed, embraced a lot which did not so
border ; but the judgment covers only the first lot.

It is urged that the property of the defendant was
assessed in such a manner that the lot was virtually confis-
cated. This objection rests upon the fact that the defend-
ant offered to prove upon the trial that, as a matter of fact,
his lot was worth more before the improvement than after
the paving of the street had brought other lots into the
market in competition with the property of the defendant ;
and that, to quote the words of the offer, " the doing of
the work was damage, and the issuing of the tax-bills, if
valid, a confiscation of his property." The court below
properly refused such offers. The remote effect produced
by bringing other land into competition with that of the
defendant has obviously nothing to do with his liability to
the present assessment. Nor was there any error in the
court's refusal to sustain such general offers, involving, as
they did, not the specific or positive testimony, but matters

of argument, as the offers in regard to damage to, and con-fiscation of the property. The plaintiff made out a *prima facie* case, and the legal theory that the improvement of the street was a benefit to the plaintiff's property could not be contradicted in such a way as that proposed.

It is complained that no plans or profiles were submitted to the City Council, as required by law, in cases where, as here, the city is to bear any part of the cost of the street improvements. *Perkinson* v. *Partridge*, 3 Mo. App. 60. But there was no evidence tending to show that no plans, profiles, or specifications were submitted to the City Council. The tax-bill made out a *prima facie* case under the statute, and it was for the defendant to give some evidence tending to show a failure in this particular. *Perkinson* v. *Partridge*, 7 Mo. App. 584.

If the contractor, who was plaintiff, took out quantities of stone appurtenant to the defendant's property, and used such stone in the work for which the plaintiff claims pay-ment under this tax-bill, it is obvious that a counter-claim for damages so arising cannot be allowed in the present suit, which is a statutory action to subject the specific property to the plaintiff's demand.

The passage of the ordinance is conclusive as to the necessity of the work. *Bohle* v. *Stannard*, 7 Mo. App. 51.

No error which affects the rights of the defendant has been pointed out, and the judgment must be affirmed. All the judges concur.