THE CITY OF ST. JOSEPH *to use of* GIBSON v. OWEN, *Appellant.*

Division One, June 6, 1892.

1. **Municipal Corporations:** SEWER DISTRICTS, SUBDIVISION OF: CITY CHARTER. Under section 1429, Revised Statutes, 1889, providing for the division of cities into sewer districts and the establishment of district sewers therein, and the subdivision by ordinance of districts before the construction of the district sewer, the council can, under the power to subdivide, construct a sewer in a portion of a district only.

2. ———: CONSTRUCTION OF SEWERS: COSTS: CONSTITUTION: LOCAL ASSESSMENTS. Section 4791, Revised Statutes, 1879 (R. S. 1889, sec. 1429), providing for the cost of constructing sewers by assessing special taxes against the lots, exclusive of improvements, in proportion to the area of the whole district, is not in contravention of sections 3 and 4 of article 10 of the constitution, requiring taxation to be uniform upon the same class of subjects, and in proportion to the value of the property, such provisions of the constitution being wholly inapplicable to mere local assessments.

3. ———: ———: SPECIFICATIONS OF ORDINANCE. Where the charter of a city requires that the size of a sewer to be constructed be prescribed by ordinance, but contains no such requirement as to inlets, manholes, etc., nor of the material to be used in their construction, the latter are mere appendages and may be regarded as matters of detail not necessary to be specified in the ordinance.

4. ———: ———: PRIVATE SEWER. The power of a city to build a sewer for sanitary or other purposes is not affected by the fact that parties charged with a special tax for its construction already have a private sewer built.

*Appeal from Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*Brown & Craig* for appellant.

(1) The statute under which the mayor and council attempted to act provides for the assessment of the cost of the sewer against the entire district, and no assessment can be made which does not include it all. R. S. 1889, sec. 1429. If the statute be intended to authorize the assessment of the whole property of the district for the construction of only a part of the improvement by which it was to be benefited, then it is to that extent unconstitutional and void. *Hanscom v. Omaha,* 11 Neb. 43; *Thomas v. Gain,* 35 Mich. 160. If the ordinance shows on its face, as in this case, that the principle upon which the assessment is to be made is unlawful, the whole must fall. *State v. Chamberlain,* 37 N. J. L. 388. (2) In this case the assessment is simply an attempt to appropriate private property to public use, without any compensation whatever. *Tide Water Co. v. Coster,* 18 N. J. Eq. 519. To sustain an equal assessment for benefits arising from the building of a sewer, it is necessary that the drainage facilities be available to the lands so assessed. *Thomas v. Gain,* 35 Mich. 155. And the assessment cannot be sustained if the lands on which it is imposed cannot be drained into it. *Ibid.* The sewers authorized by law to be constructed in St. Joseph were public, district and private sewers. Each class were to be constructed as provided by ordinance,

and the parties for whose benefit they were to be constructed were required to pay for the two last-named classes. R. S. 1889, secs. 1428, 1429, 1430. In this case the defendant and certain of his neighbors had, at their own expense, as provided by law, constructed a private sewer along the line of the property in question, sufficient to properly drain it. It could, then, do him no possible good to connect with the sewer for which he is now asked to pay. It requires but little moral perception to enable us to realize that this assessment is simply a confiscation of property, when to be benefited by it he must abandon the sewer for which he has paid, and go to the additional expense of providing new connections. (3) The size of the inlets, manholes, etc., and the material to be used in their construction should have been specified in the ordinance. *St. Joseph v. Wilshire*, 47 Mo. App. 125. (4) This charge can only be sustained upon the theory of compensation for benefits accruing to the particular land by the improvement. Otherwise it would violate those provisions of the state constitution which require that taxes "shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax" (Const., art. 10, sec. 3); and that "all property subject to taxation shall be taxed in proportion to its value." Sec. 4.

*Porter & Woodson* for respondent.

(1) Sections 3 and 4, article 10, of the constitution, are not infringed by section 4791 of the Revised Statutes, 1879, authorizing a charge upon lots in a sewer district to pay for the construction of district sewers. Those sections of the constitution apply "only to taxation in its usual ordinary and received sense, to taxation for general state, county, city and town

purposes." *Lockwood v. St. Louis*, 24 Mo. 20; *Egyptian Levee Co. v. Hardin*, 27 Mo. 495; *Shehan v. Samaritan Hospital*, 50 Mo. 155; *Farrar v. St. Louis*, 80 Mo. 390; *City of Kansas v. Ridenour*, 84 Mo. 259; *State ex rel. v. City of Kansas*, 89 Mo. 39; *Eyerman v. Blakesley*, 78 Mo. 149; *Adams v. Lindell*, 5 Mo. App. 210; affirmed 72 Mo. 198; Cooley on Taxation [2 Ed.] p. 207; 2 Dillon on Municipal Corporations, secs. 616, 752, 777.    (2)  Special tax bills for the construction of district sewers are sustained, not only on the ground of special benefits, but also as a tax under the police power.    Cooley on Taxation [2 Ed.] p. 586; *Rutherford v. Hamilton*, 97 Mo. 547; *Palmyra v. Morton*, 25 Mo. 593; *Farrar v. St. Louis*, 80 Mo. 379; *Philadelphia v. Tryon*, 35 Penn. St. 401.    (3)  Such charges may be imposed without regard to actual benefits.    *Rutherford v. Hamilton, supra; Kees v. Denver*, 10 Colo. 123; *Morrison v. Hershire*, 32 Iowa, 271; *Warren v. Henly*, 31 Iowa, 31.    (4)  "It has been repeatedly decided that the legislative act of assigning districts for special taxation on the basis of benefits cannot be attacked on the ground of error in judgment regarding the special benefits, and defeated by satisfying the court that no special and peculiar benefits are received." Cooley on Taxation [2 Ed.] p. 640; *City of St. Louis v. Oeters*, 36 Mo. 461; *Litchfield v. Vernon*, 41 N. Y. 133.    (5)  The power of the city council by ordinance to establish sewer districts, to cause sewers therein to be constructed, to be charged against the lots included in the district according to the "area rule," is affirmed in the recent case decided in this court of *City of St. Joseph v. Farrell*, 106 Mo. 437.    There is nothing in the record of this case to distinguish it from that case.

SHERWOOD, P. J.—Action on two tax bills.    The city of St. Joseph is a city of the second class, and is

governed by the provisions of section 1429, Revised Statutes, 1889, and its associate sections. Acting under the provisions of the section just mentioned, the city, by ordinance, established sewer district number 21. Then another ordinance was adopted by the city which was entitled "An ordinance to provide for the construction of sewers in a portion of district number 21." The ordinance was as follows:

"Sec. 1. The city engineer is hereby authorized and directed to cause district sewers to be constructed in a portion of district number 21, with all the lateral sewers, inlets, man-holes, junction pipes and other appurtenances necessary to render such sewers complete and efficient; said sewers being by the common council deemed necessary for sanitary and drainage purposes.

"Said sewers shall be located as follows, viz.: A sewer commencing at the main sewer on Ninth street at Frederick avenue, thence north on the center of Ninth street to the center of Faraon street. Said sewer to be made of vitrified clay pipe of the following dimensions, viz., fifteen inches in diameter; also, three man-holes, located as follows: One at point of beginning on Ninth and Frederick avenue, one at Ninth and Jule streets, one at Faraon and Ninth streets; also, six inlets or catch-basins, located as follows: Three at Ninth and Jule streets, one at northeast, one at northwest and one at southwest curbs; three at Ninth and Faraon streets, one at northwest, one at northeast and one at southwest curbs.

"Sec. 2. As soon as said district sewers with their inlets, man-holes and other appurtenances are fully completed, the city engineer shall cause to be computed the whole cost thereof, and shall assess it as a special tax against all the lots of ground in said district respectively, without regard to improvements in proportion as their

respective areas bear to the whole area of the whole district, exclusive of public highways; and the engineer shall cause to be made out certified bills of such assessments against each lot of ground in the district, in the name of the owner thereof, and said special tax bills shall be made out by the city engineer, and by him registered in full in his office, and certified and delivered to the party in whose favor they are issued for collection, and his receipt taken in full of all claims against the city on account of said work.

"Sec. 3.    The city engineer is hereby ordered to advertise for proposals for five days for doing the work ordered in section 1 of this ordinance.

"Sec. 4.    All ordinances or parts of ordinances in conflict herewith are hereby repealed."

The following matters were agreed on at the trial:

"That at said time, under and by virtue of the provisions of an ordinance of said city of Joseph, entitled 'An ordinance for revising and consolidating the general ordinances of the city of St. Joseph, Missouri,' approved May 31, 1880, among other things it was provided that, whenever the construction of any sewer was authorized by ordinance, it should be the duty of the city engineer to advertise for bids and let the contract for the work to be done, first making a plan of the work to be done, accompanied with the specifications for doing the same.

"That after the passage of the ordinance hereinbefore set forth, the engineer of said city did advertise in the St. Joseph *Evening News*, the official paper of said city, for five days, stating the work required to be done, and made and kept a plan and specification of the work to be done in his office.

"That in pursuance of the last-named ordinance and the advertisement aforesaid, and in pursuance of the provisions of the general ordinances aforesaid, the

city engineer of said city of St. Joseph did on the twenty-second day of April, 1887, duly award to plaintiff the contract for building said sewer, he being the lowest and best bidder therefor, which said contract was reported to the city council for its approval, and was approved by it."

At the conclusion of the agreed facts, it was also agreed that "All the requirements of the law and the ordinances in constructing said sewer were duly complied with."

The bid of the relator was for fifteen-inch sewer pipe per lineal foot, including inlets, man-holes, junction pieces and all appurtenances, complete, $1.80 per lineal foot, and the contract entered into for the construction of the sewer was for the same gross price per foot, no separate price being anywhere stated for any part of the work. The contract was dated April 22, 1887, was signed by relator and his sureties, and by M. J. McCabe, city engineer, and was approved by the city comptroller May 2, 1887. Specifications for the work were printed in the contract, and provided for brick man-holes, with foundations, "as shown on plan, or directed by the city engineer." with wrought-iron steps, and cast-iron heads and covers.

The catch-basins were to be excavated not less than eight feet below the grade, and to such additional depth as necessary to secure a good foundation, and the bottom to be brought to proper level with such materials and in such manner as may be shown on plans or directed by the city engineer. The walls were to be of brick masonry, built according to proper templates, and the thickness of walls and general construction, including material of trap and basin, are given.

Pursuant to this contract and specifications the relator built the sewer, completing it on the twentieth day of July, 1887. As so built it connected, at the

corner of Frederick avenue and Ninth street, with a public sewer which empties into the Missouri river, and ran north about two blocks.

Before the sewer district here in question was established, the defendant and others had built a private sewer in the alley running north and south through block 50, in Smith's addition to St. Joseph, which was sufficient to properly drain the property described in these tax bills. The district sewer built by Gibson runs along the front of defendant's lots in Ninth street, and the private sewer runs in· the same direction along their rear in the alley west of Ninth street.

The defendant was the owner of the lots described in the tax bills.

At the close of the evidence the defendant moved the court to declare the law as follows: ''On the agreed statement of facts in this case the court declares the law to be as follows: The special tax bill sued upon herein was issued by the city engineer of the city of St. Joseph to William E. Gibson, for the construction of a district sewer in sewer district number 21 in said city, in pursuance of the provisions of section 4791 of article 3, chapter 89, of the Revised Statutes of Missouri, 1879; and said section 4791 provides that the cost of the construction of district sewers shall be assessed against the lots of ground in said sewer district, exclusive of improvements, in proportion to the area of the whole district, instead of assessing it in proportion to the value, as required by section 4 of article 10 of the constitution of Missouri, and the said cost, when so assessed, is not uniform upon the same class of subjects within the district as required by section 3 of article 10 of the constitution of Missouri; said section 4791 of the said statute is in each of said particulars unconstitutional, and the

special tax bills sued upon herein are void, and the finding of the court must be for the defendant."

This was the only instruction asked by the defendant, which was refused by the court. The court then rendered judgment for the plaintiff for the amount of the two tax bills.

Section 1429 aforesaid, on which this action is grounded, is, so far as necessary to quote it, the following: "District sewers shall be established within the limits of the districts to be prescribed by ordinance, connecting with a public sewer or other district sewer, or with the natural course of drainage, as each case may be. Such district may be subdivided, enlarged or changed by ordinance, at any time previous to the construction of the sewer therein. The common council shall cause sewers to be constructed in each district whenever a majority of the property-holders, residents therein, shall petition therefor, or whenever the common council may deem such sewer necessary for sanitary or other purposes, and said sewer shall be of such dimensions as may be prescribed by ordinance, and may be changed, enlarged or extended, and shall have all the necessary laterals, inlets and other appurtenances which may be required. As soon as the district sewer shall have been completed, the city engineer, or other officer having charge of the work, shall compute the whole cost thereof, and shall assess it as a special tax against the lots of ground exclusive of the improvements, in proportion to the area of the whole district, exclusive of public highways."

## OPINION.

I. We observe nothing meritorious in the objection that the ordinance which has been quoted only makes provision for the construction of sewers in a

*portion* of district number 21, since the section of the charter just quoted gives authority to *subdivide* by ordinance any sewer district, at any time prior to the construction of the sewer therein.    This provision fully warrants the adoption of the ordinance in question. The *subdivision* of a district is an entirely different thing from the creation of a *new* district.

This view is in entire accord with that clause of the quoted section beginning "as soon as the district sewer shall have been completed," etc.    This clause taken in a reasonable and practical sense can as well be made to refer to a sewer when completed in a subdivided district or in a portion of a district, as to a district where by ordinance the sewers are required to be completed throughout the entire district as originally established. Circumstances will readily suggest themselves where an ordinance for the construction of a sewer would justly be regarded as most unreasonable, which should require a sewer to be constructed throughout the entire district, regardless of the needs of the district, or whether portions of the same were inhabited, or indeed uninhabitable.    We see nothing in the charter requiring us to give it such an extreme construction.

The burdens of the taxpayer are not one whit increased by the construction of the charter here suggested; he simply pays, as does his neighbor, by the front-foot or "area rule," authorized by the charter, a rule quite recently approved in the case of *City of St. Joseph v. Farrell*, 106 Mo. 437.

II.    Under the single instruction asked by the defendant, he urged the theory that section 4791, Revised Statutes, 1879, which for the purposes of this discussion is the same as section 1429, *supra*, was unconstitutional in that such section provides that "the cost of the construction of district sewers shall be assessed against the lots of ground in said sewer district, exclusive of

improvements, in proportion to the area of the whole district, instead of assessing it in proportion to the value as required by section 4 of article 10 of the constitution of Missouri, and the said cost when so assessed is not uniform upon the same class of subjects within the district as required by section 3 of article 10 of the constitution.'' The idea embraced in this instruction is an erroneous one. Those constitutional provisions in regard to taxation are only applicable to taxation in the ordinary acceptation of the term, and are wholly inapplicable to mere local assessments. *Shehan v. Samaritan Hospital*, 50 Mo. 155; *Farrar v. City*, 80 Mo. 390; *Lockwood v. St. Louis*, 24 Mo. 20; *Egyptian Levee Co. v. Hardin*, 27 Mo. 495; *Garrett v. City*, 25 Mo. 505.

III. The first section of the ordinance describes the dimensions and material of the sewer pipe to be used, but gives no such description as to the man-holes and inlets called for in that ordinance, and this is urged as a serious defect. In respect to this, it may be said that, though the charter requires that the size of the sewer to be constructed shall be prescribed by ordinance, yet there is no such requirement in regard to the inlets, man-holes, etc., nor of the material of which they are to be constructed. These appendages to the sewer may well be regarded as matters of *detail*, which not being required to be specified in the ordinance it is not necessary thus to insert them.

Something must be left to the discretion of the sworn officials whose duty it is to accept bids and make contracts. The principal thing is the construction of the sewer, the incidents are the man-holes and the inlets. The same argument which would condemn an ordinance as being faulty, because it did not describe the materials and dimensions of man-holes and inlets, would utter a similar condemnation if the quality and quantity of the sand and cement to be used in the construction of the

sewer were not also specifically set forth. It will be time enough to speak further on this topic when some flagrant abuse of the power thus conferred on municipal corporations of the second class occurs.

IV. But it is said that the defendant already had a private sewer built. Taking this as true, this fact by no means abates the power of the city to build a sewer for sanitary or other purposes.

These views result in an affirmance of the judgment. All concur.