THE CITY OF ST. JOSEPH to the Use of THE SAXTON NATIONAL BANK, Appellant, v. ISRAEL LANDIS, Appellant.

Kansas City Court of Appeals, May 15, 1893.

1. **Construction:** MUNICIPAL IMPROVEMENT: RULES: INSTRUCTION: ABSURD LAW. The authority to charge private property with the costs of municipal improvement must be confined within the limits prescribed by charter and ordinances passed in conformity therewith. Such proceedings are *in invitum*, purely statutory and to be strictly pursued; but a construction will not be adopted which will defeat the act in whole or in part if it will admit of a construction which will sustain it. And, if the intent can be gathered from the whole act, it must be carried out though a literal interpretation must be rejected, and the legislature will never be presumed to have intended to enact an absurd law.

The City of St. Joseph ex rel. Saxton Nat. Bank v. Landis.

2. ———: REPETITION OF DESCRIPTIVE WORDS. An ordinance provided for the building of six sewers, and the first three were specified to bo made of vitrified clay pipe; the fourth to be "a sewer made of pipe," and the fifth and sixth to be "a pipe sewer." *Held*, it was the intention that all the sewer pipes should be made of the same material, vitrified clay, since there was no negative exception in the ordinance.

3. ———: TIME OF PUBLICATION OF NOTICE TO LET CONTRACT: SUNDAY. An ordinance required an advertisement for ten days for proposals for doing work. It appeared in the issue of September nineteenth and continued daily until the issue of the twenty-eighth from which it was omitted, but appeared on the twenty-ninth and also thirtieth, the day on which the contract was let. *Held*, the publication was for the required time, and in counting statute time Sunday is not excluded.

4. **Practice, Appellate:** OBJECTIONS ABOVE BUT NOT BELOW. Objections to an ordinance for the construction of a sewer which does not appear in either the pleadings, evidence or instructions, will not be considered on appeal.

5. **Municipal Improvements:** ORDINANCE: SPECIFICATION: PERFORMANCE. An ordinance for municipal improvement is not bad because it does not refer to any plan or specification when the general ordinances provide for all the details including the preparation of plans, specifications and contract by the city engineer, which are to be by him referred to the council for its approval. The courts do not require a literal compliance with ordinances for local improvements. Following *Gibson v. Owen*, 110 Mo. 445.

6. ———: CONNECTIONS OF SEWER. *Held*, the evidence and finding establish a sufficient connection of the sewer in question.

7. ———: SEWER ON PRIVATE PROPERTY. It is no defense to a tax bill for the construction of a sewer that it was built on private property where it was so built with owner's approval and consent, as ho would be estopped to object or oust the city.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY M. RAMEY, Judge.

REVERSED AND REMANDED *(with directions)*.

*Porter & Woodson*, for appellant.

(1) The entire ordinance should be considered to ascertain the legislative intention. Being ascertained,

the intention will control the interpretation of all the parts. Sutherland on Statutory Construction, sec. 218, 241. (2) The specifications are so full as to leave absolutely no doubt as to the most minute details for the construction of pipe sewers. The sufficiency of the same form of specifications was considered by this court in the case of *Brick & Terra Cotta Co. v. Hull*, 49 Mo. App. 433, and held sufficient. *Morley v. Weakley*, 86 Mo. 151. (3) The publication of notice to bidders was sufficient. In computing statute time Sunday is not to be excluded. *Bank v. Stumpf*, 73 Mo. 315; *State v. Green*, 66 Mo. 645; *Ex Parte Dodge*, 7 Cowan, 147; *Andersen v. Baughman*, 6 Mich. 298; *Franklin v. Holden*, 7 R. I. 215. If we concede that the public sewer with which the district sewers for the construction of which these tax bills were issued was not completed at the date of the ordinance authorizing the district sewers, the tax bills are not invalidated for that reason. *St. Joseph ex rel. v. Wilshire*, 47 Mo. App. 130. Defendant's third point is not sustained by the evidence. There was no evidence nor any pretense that any of the sewers were constructed over private property except that of Doctor Schwab, and he not only consented but solicited it. *McClelland v. Railroad*, 103 Mo. 310, 311, and authorities there cited. If the trial court is sustained in his ruling we will remit any excess which may be found by a computation.

*James W. Boyd* and *Benj. Phillips*, for respondent.

(1) It must be conceded that the tax bills are void if the contract authorizing the work for which they were issued is a void contract. *Keating v. City of Kansas*, 84 Mo. 419; *Cole v. Strainka*, 37 Mo. App. 427; *Construction Co. v. Geiss*, 37 Mo. App. 509.

The contract in this case is void for several reasons: "It is a well settled principle that authority to charge private property with the cost of municipal improvements is confined within the limits prescribed by the charter and ordinances passed in conformity therewith; that proceedings to this end are *in invitum* purely statutory, and therefore to be strictly pursued." *Cole v. Strainka*, 37 Mo. App. 427; *Kiley v. Oppenheimer*, 55 Mo. 374; *Leach v. Cargill*, 60 Mo. 316; *Construction Co. v. Geiss*, 37 Mo. App. 509. The ordinances pertaining to the letting of the contract required a notice to bidders to be published for ten days prior to the awarding of the contract. The publication of this notice, in strict accordance with the terms of said ordinances, was a condition precedent to the right of the city to make the contract. *Kiley v. Oppenheimer*, 55 Mo. 374; *Brady v. New York City*, 20 N. Y. 312; Elliott on Roads & Streets, p. 425, and cases cited in notes. The notice in this case was not published for the length of time required by the ordinances. It was published only nine times in all. The publication on the two Sundays cannot be counted. *Scammon v. Chicago*, 40 Ill. 146; Revised Statutes, 1889, secs. 3852, 3853, 3854, 3855. Neither was the notice published in consecutive issues of the official paper. Under the terms of the ordinances referred to and the construction put upon them by the city itself, it was absolutely essential that the publication should be made on ten consecutive secular days. *McCurdy v. Baker*, 11 Kan. 111; *Whitaker v. Beach*, 12 Kan. 492; *Rounsville v. Hazen*, 33 Kan. 71. The contract was never legally awarded. Ordinances of City of St. Joseph, *supra;* *Saxton v. Beach*, 50 Mo. 488; *Saxton v. St. Joseph*, 60 Mo. 153; *Irwin v. Devors*, 65 Mo. 625; *Cape Girardeau v. Fougen*, 30 Mo. App. 551; *Worthington v. Covington*, 82 Ky. 265; *Leach v. Cargill, supra; State v. Bank*, 45

Mo. 528; *Dubuque. v. Wooton*, 28 Iowa 571; *Lowell v. Wentworth*, 6 Cush. 221. The material to be used in the construction of three of the sewers of this system was not provided for in the ordinance. This renders the ordinance and contract void, said sewers being a material and substantial part of the entire work. *St. Joseph ex rel. v. Wilshire*, 47 Mo. App. 125; *Smith v. Duncan*, 77 Ind. 92, and cases cited; *Kankakee v. Potter*, 119 Ill. 324; *Sterling v. Galt*, 117 Ill. 11; *Wells v. Burnham*, 20 Wis. 119; *Kneeland v. Milwaukee*, 18 Wis. 411; *Ogden v. Town of Lake View*, 13 N. E. Rep. 159; *People v. Maher*, 9 N. Y. Sup. 94. The ordinance and contract are void for the further reason that the ordinance did not specify or show the grade of the proposed sewers, nor the depth of the excavations of the trench, nor any other matter connected with the construction of the sewers except the dimensions. Nor does the ordinance refer to any plan or specifications; nor is the paper claimed to be the specifications complete or even definite as to these matters. All these matters require the exercise of legislative powers, and cannot be delegated to the city engineer. *City of St. Joseph ex rel. v. Wilshire, supra; Wells v. Burnham*, 20 Wis. 119; *Kneeland v. Milwaukee*, 18 Wis. 411, star page, and cases cited in subdivision (g) *supra*. The plaintiff's evidence shows that there were no plans and specifications on file in the city engineer's office. Even if it could be said that the blank form of contract was specifications, still there were no plans. This renders the bills void. *Kneeland v. Milwaukee, supra*. The district sewers following the terms of the ordinance do not connect with a public sewer or other district sewer or with the natural course of drainage. Revised Statutes, 1889, sec. 1429. The tax bills showed on their face that they were for sewers to be constructed, and that they were made out prior

to the completion of the work. They are therefore void. Revised Statutes, 1889, sec. 1429.

SMITH, P. J.—In this case both plaintiff and defendant have appealed from the judgment of the circuit court. We will first notice the grounds of the plaintiff's appeal. It is conceded that the plaintiff is a city of the second class, under the statute.

The plaintiff city by an ordinance under the authority conferred upon it by statute (section 1429, Revised Statutes) established sewer district number 27. And by a subsequent ordinance it was provided in section 1 that: "The city engineer is hereby directed to cause district sewers to be constructed within a portion of sewer district number 27, with all the lateral sewers, inlets, manholes, junction pieces and other appurtenances necessary to render such sewers complete and efficient, said sewers ¡being by the common council deemed necessary for sanitary and draining purposes. Said sewers shall be located as follows, viz: A sewer commencing at the manhole on Nineteenth and Mulberry streets, thence east on Mulberry street to Twentieth street, thence south on Twentieth street to the alley north of Faraon street, to be made of vitrified clay pipe, eighteen inches in diameter on Mulberry street and twelve inches in diameter on Twentieth street. Also a sewer commencing at same manhole as above, thence south on Nineteenth street to the south line of lot 7, block 9, Harris's addition, to be made of vitrified clay pipe, twenty-one inches in diameter from Mulberry street to Faraon street, fifteen inches in diameter from Faraon street to Jule street, and twelve inches in diameter south of Jule street; also a sewer made of vitrified clay pipe, commencing on Eighteenth or Kemper street at the alley between Clay and Mulberry streets, thence east on said alley to Twentieth street, to be eighteen inches in

diameter from point of beginning to Nineteenth street and fifteen inches in diameter from Nineteenth to Twentieth street; also a sewer made of pipe twelve inches in diameter, commencing on Twentieth street, at alley in block 7, Kemper's addition, thence north on Twentieth street to north alley in Hedenberg's first addition, thence east on said alley to the line between lots 4 and 5 in said addition; also a twelve-inch *pipe* sewer commencing at same place as last named sewer, thence south on Twentieth street to south alley in Hedenberg's first addition, thence east on said alley to the line between lots 17 and 18 in said addition. Also a *pipe sewer* fifteen inches in diameter, commencing at Nineteenth and Faraon streets, thence east on Faraon street to alley in block 7, Harris's addition; thence south on said alley to south line of Jule street."

The contract for building these sewers was awarded to Owen Danaher, who constructed the same, and for which the tax bills sued on were issued to him. The bank holds the tax bills under an assignment from Danaher. The sewers were all made of vitrified clay pipe. The total cost of all the sewers under the contract was shown to be $4,440.60, and that three of them, the materials for which it is contended is not specified in the ordinance authorizing their construction was $865.22. The court at the trial instructed the jury on its own motion to find for the plaintiff on each count of the petition the amount of the tax bills less the proportionate cost of the three sewers mentioned in the evidence for the construction of which no material was specified in the ordinance.

The plaintiff contends that the court erred in thus instructing the jury. Whether the court erred or not in its direction to the jury depends upon the construction to be given to the ordinance providing for the construction of the sewers. The plaintiff contends that

the context of the ordinance shows that it was the intention of the law-making power of the plaintiff city that all the sewers therein required to be constructed should be of "vitrified clay pipe." It is as the defendants suggest the well settled law of this state that authority to charge private property with the cost of municipal improvements must be confined within the limits prescribed by the charter and ordinances passed in conformity therewith; that proceedings to this end are *in invitum*, purely statutory and, therefore, to be strictly pursued. It is equally settled that a rule of construction will not be adopted which will defeat the act in whole or in part if it will admit of a construction which will sustain it. Sutherland on Statutory Construction, 332. The object of judicial tribunals is to carry out the intent of the law, and if such intent can be gathered from the whole act it must be carried out though a literal interpretation must be rejected. The presumption to be indulged in cases of this kind is, that the legislature never intended to enact an absurd law incapable of being intelligently enforced. *Bermingham v. Bermingham*, 103 Mo. 345; *Railroad v. Brick Co.*, 85 Mo. 329; *Ex Parte Marmaduke*, 91 Mo. 254; *State v. Hays*, 81 Mo. 585.

The ordinance in question plainly shows upon its face that it w s the intention of the common council by its passage to provide for six pipe sewers in said district number 27. Of what material were they to be made? It is specified in the ordinance that the first three sewers shall "be made of vitrified clay pipe," and the fourth is required by the specifications of the ordinance to be a "sewer made of pipe," and the fifth and sixth to be "a pipe sewer" of certain dimensions. Now if the words, "vitrified clay," had preceded that of "pipe" in describing the material of which the first of the sewers mentioned in the ordinance were to be

made, and had not been repeated in the specifications of the other sewer pipes which followed, it would hardly be doubted that the descriptive words "vitrified clay" was intended to be implied as preceding the word "pipe" or "sewer pipe" wherever it occurred in the specifications for the other sewers. We think that the repetition of the words describing the material of which the first three pipe sewers were to be made is not different than if they had not been repeated at all, and that it was the intention of the common council that all of the sewer pipes should be made of the same material, and especially so since there is no negative exception contained anywhere in the ordinance.

If we adopt a construction which presumes that the common council never intended to pass an ordinance incapable of a sensible and practical operation, it will be in furtherance of such construction if we presume that the descriptive words "vitrified clay" are to be implied wherever needed in said ordinance to give effect to what we think was the intent of the common council, that is to say, that all of said sewer pipes should be made of the material said words describe.

This construction will harmonize all the provisions of said ordinance and render the same operative, which otherwise would not be the case. The exercise of this judicial license we think is allowable under the authorities we have cited. The construction of the officers of the city whose duty it was to execute said ordinance was the same as we have concluded it should be, as shown by the contract and specifications for doing the work. Taking this construction as correct, it necessarily follows that the instruction of the court to the jury was error. It should have declared that the plaintiff was entitled to recover on each count the whole amount of the warrant upon which it was based with the interest that had accrued thereon.

We will now turn our attention to the grounds of the defendant's appeal. The first of these is that the ordinance of the city providing for the construction of sewers for which the tax bills in suit were issued required the city engineer "to advertise for ten days for proposals for doing the work." It is conceded that the city engineer published the notice in the official paper of the city and that the first publication thereof was made in the issue of September the 19th, and continued until the issue of the 28th, from which it was omitted, but was renewed in the issues of the 29th and 30th of the month, the day the contract was let. The question thus presented is, was the notice published for the time required by the ordinance? A like question arose in *Clopton v. Taylor*, 49 Mo. App. 117, where upon the authority of *German Bank v. Stumpf*, 73 Mo. 315, it was ruled in the affirmative.

*Clopton v. Taylor* also answers the defendants' further objection that in counting the time of the publication that the two Sundays included therein should have been excluded. It was held long ago in this state, that in counting statute time Sunday was not to be excluded. *State v. Green*, 66 Mo. 631. We think so far as any objection is raised in the record before us the contract was legally awarded.

The defendant next insists that said ordinance is void for the reason that it did not specify the grade of the proposed sewers nor the depth of the excavations nor to any plan or specification. It will be observed by reference to the record that there was no issue as to the grade of the sewers, nor as to the depth of the excavations to be made therefor. It does not appear that this objection was interposed either in the pleadings, evidence or instructions.

As to the other objection that the ordinance does not refer to any plan or specification, it is sufficient to

say that the general ordinances of the city provide that whenever any sewer is authorized by ordinance it shall be the duty of the city engineer to advertise for bids and let out the contract for the work of construction in the same manner as other city work is let out, and prepare the plans, specifications and contract for the same which shall be reported by him to the city council for approval. The duty thus enjoined seems to have been fully performed by that officer.

The specifications, a copy of which was incorporated in the contract for doing the work, were quite elaborate and minute in every particular. It is difficult to see how it could have been more so.' Besides this the supreme court of this state in the recent case of *Gibson v. Owen*, 110 Mo. 445, which was in many essential particulars very like the case at bar, declared that this "court has never required a literal compliance with ordinances providing for such local improvements. "The principle thus announced affords a complete answer to most of the objections which the defendant has interposed in this case. Nothing more need be said.

The evidence tended to show, and the jury must have found, that the sewers connected with the main sewer of the city and that the latter ran to the Missouri river, which was the natural course of drainage. This was all that was required by the statute. Sec. 1429.

The objection that the tax bills show upon their face that they were issued for sewers to be constructed and were made out prior to the completion of the work was not taken at the trial, or if so no exceptions were preserved to the action of the court in overruling the same, so that we cannot now notice that matter here.

The defendant further challenges the judgment on the ground that one of said sewers was built over private property. The court by an instruction directed

the jury, in effect, that if they found from the evidence that said sewers or any part of them were constructed on private property without the authority or consent of the owner thereof that the plaintiff was not entitled to recover.    The undisputed evidence showed that one of the sewers was built across the private lot of Dr. Schwab with his previous approval and consent. He would now be estopped to question the plaintiff's right to occupy his lot with its sewer under the facts and circumstances detailed in the evidence.    As owner of the property he not only consented to the use of it by the city, but stood by and acquiescingly saw an expensive sewer constructed through his lot which became a part of the public sewer system of the city. He testified at the trial that he consented to the location of the sewer and that he had not nor would not object to the use of his lot for that purpose.    Under the well settled law of this state he would be estopped after this from treating his consent as a nullity or maintaining ejectment against the city for the recovery of the property.    *Village v. Borden,* 94 Ill. 26–34; *Provott v. Railroad,* 57 Mo. 256; *Baker v. Railroad,* 57 Mo. 265; *Gravel Road v. Renfroe,* 58 Mo. 265; *Bradley v. Railroad,* 91 Mo. 499; *Kanaga v. Railroad,* 76 Mo. 213–214; *Hubbard v. Railroad,* 63 Mo. 68; 2 American Leading Cases [5 Ed.] 568; 2 Smith's Leading Cases [6 Am. Ed.] 761.

No error is perceived in the action of the court in the giving or refusing of instructions.    We therefore are of the opinion that said tax bills are valid.

The judgment of the circuit court will be reversed and the cause remanded to that court with directions to enter judgment on each count of the petition for the plaintiff for the amount of the several tax bills with proper interest thereon.    All concur.