## MOBERLY v. HOGAN, *Appellant.*

Division One, November 26, 1895.

1. **City Street Paving:** SPECIAL TAX BILL : PRIMA FACIE EVIDENCE.
   A special tax bill for street paving in a city of the third class is *prima facie* evidence of liability of the property for the charge stated in the bill; and it devolves upon defendant (after the bill is put in evidence) to show some valid objection to its presumptive force.

2. ———— : ———— : ————.   Special tax bills for street improvements are sustainable under the taxing power; and where that power is regularly exerted, the propriety of the special tax is not reviewable by the judiciary.

Moberly v. Hogan.

3. ——— : ORDINANCES: PLEADING. Where ordinances are relied upon as the foundation of an action, it is sufficient if their substance and effect are pleaded, as against objections made at, or after, the trial.

4. ——— : STREET IMPROVEMENT: CORNER LOT. The "front foot" rule of assessment for a street improvement is applicable to a corner lot as a basis for taxation, according to its frontage upon the improvement, irrespective of the fact that the lot has a front upon another street which meets the improved one at a right angle.

5. ——— : ——— : SPECIAL TAX BILL : PERSONAL JUDGMENT. In a suit to enforce a special tax against a lot on account of street improvements, a personal judgment against the owner of the lot is improper; but a judgment susceptible to being construed as such a one, may be modified into proper form on appeal, and then affirmed, if otherwise correct.

*Appeal from Randolph Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED AND REMANDED.

*T. B. Kimbrough* for appellant.

(1) Local or special taxes for local improvements are merely assessments upon the property benefited by such improvements. (2) The constitution prohibits the taking of private property for public use without just compensation. (3) This suit is founded on the ordinances as giving the right of action on the special tax bill sued upon and said ordinance should have been specifically pleaded. *Judd v. Railroad*, 23 Mo. App. 56; *Nutter v. Railroad*, 22 Mo. App. 332. Also see Dillon, Mun. Corp., sec. 346, first edition. (4) Appellant insists that this action being on a special tax bill, the rendition of a personal or general judgment against the defendant is error. *Strassheim v. German*, 56 Mo. 104. (5) The judgment in the case should have been a special judgment against the said lot 12. *Carlin v. Cavender*, 56 Mo. 286; *St. Louis v. Bressler*, 56 Mo. 350.

*Martin & Terrill* for respondent.

(1) The ordinance was sufficiently pleaded. Defendant's answer amounts only to a general denial and the special tax bill is *prima facie* evidence of the regularity of the proceedings for such special assessment of the validity of the bill, of the doing of the work, the furnishing of the materials and liability of the property. It therefore devolved on defendant to show by evidence there was some defect in the proceedings, and, not having shown that, he has no right to a reversal on that ground. Session Acts, 1893, p. 91, subdiv. ninth, of sec. 108; *State ex rel. v. Rau*, 93 Mo. 126; *Springfield v. Baker*, 56 Mo. App. 637. (2) There is no violation of the constitution of the United States or this state in the enforcement of this claim; the paving of the street is neither the direct or proximate cause of damage to appellant, but if he is damaged at all it is the change of grade and not the paving. (3) And appellant's remedy is against the city for any such damage and can not be pleaded here. Session Acts, 1893, p. 90. subdiv. third, of sec. 108. *Springfield ex rel. v. Baker*, 56 Mo. App. 637, and authorities there cited. (4) There is no personal judgment against appellant. The judgment is against him to the extent of his title in the lot and only to the extent that the lot can be sold on execution to pay the debt.

BARCLAY, J.—This is an action by the city of Moberly, to the use of the Moberly Brick, Tiling and Earthenware Company, to enforce the lien of a special tax bill against a piece of land owned by defendant in that city, which is governed by the law applicable to cities of the third class. The company was the contractor for the work.

The plaintiff's tax bill is for paving Coates street

with hard-burned brick, from the center of Ault street to the Moss Park school grounds, under an ordinance and contract to that effect, which are not charged to be irregular or illegal, except in the particulars mentioned further on.

The pleadings need not be specially noticed, except on one point discussed later.

The cause was tried by the court. There was a finding for plaintiff, and a judgment followed which will be quoted.

The material facts are admitted by both parties.

The defendant's lot is a corner lot having a shorter front on Ault street than on Coates street. Defendant's lot is charged by the tax bill and by the judgment as abutting on the improved street, according to its frontage thereon.

The court refused a declaration of law, asked by defendant on this point, as follows:

"The court declares the law of this case to be, that in levying the special assessment upon lot 12, in block 25, in the original town of Moberly, to pay for the improvements mentioned in said special tax bill here sued upon, the proper officer, whose duty it was to make out such tax bill, should have levied the special assessment upon said lot by estimating said lot to have only twenty-five front feet instead of estimating it to have one hundred and twenty front feet; that it was erroneous and illegal to make out the tax bill here sued upon on the basis that said lot had a frontage of one hundred and twenty feet, because that one hundred and twenty feet was the length of the side of said lot and not the front thereof, and the special tax bill here sued upon is therefore illegal and void and the plaintiff can not recover in this action."

At the trial the court refused to allow defendant's offer of testimony to show that the lot was not bene-

fited by the improvement, but that its value was destroyed thereby.

The amount of the judgment is small, but the case is brought here for the alleged reason that the effect of the proceeding is to deprive defendant of his property without due process of law, as forbidden by the federal constitution, and to take it for public use without just compensation, in violation of his rights under the state constitution.

1. · The tax bill was relied on by plaintiff, under section 108 of the general charter of cities of the third class, which makes it *prima facie* evidence of the liability of the property for the charge stated in the bill.    Laws, 1893, p. 91, sec. 108.

Upon the introduction of the bill in evidence it devolved upon defendant to show some valid objection to its presumptive force under the last mentioned section.    *St. Louis to use v. Oeters* (1865), 36 Mo. 456.

2. The constitutional objections to the tax bill are groundless, in view of a number of decisions, extending through many years of the history of this court.    It is established law that tax bills of the sort in question are sustainable as an exertion of' the taxing power. *Garrett v. St. Louis* (1857) 25 Mo. 505; *Palmyra v. Morton* (1857) 25 Mo. 593; *Farrar v. St. Louis* (1883) 80 Mo. 379; *St. Joseph to use v. Owen* (1892) 110 Mo. 445 (19 S. W. Rep. 713).    The authority invested with the power of taxation for such purposes determines the occasion for the tax, and levies it upon the property subject to the tax.    Where that is regularly done, in accordance with the terms of the law conferring the power, the propriety of the tax in the particular instance is not a judicial question, and it is not reviewable by the courts in the manner here attempted.    *McCormack v. Patchin* (1873) 53 Mo. 33; *Seibert v. Tiffany* (1879), 8 Mo. App. 33; *Estes v. Owen,*

(1886), 90 Mo. 113, 2 S. W. Rep. 133; *St. Louis v. Ranken* (1888), 96 Mo.497, 9 S. W. Rep. 910.

The trial court committed no error in excluding the defendant's evidence offered.

3.   The point is made that the ordinances on which the tax bill was founded are not specifically set forth in the petition. They are not copied, it is true. But their substance and effect are stated as follows:

"The city council of plaintiff, city of Moberly, did, on the 20th day of June, 1893, pass an ordinance, entitled 'An ordinance in relation to the paving of East Coates street with brick, from the middle line of Ault street to the Moss Park school ground,' which ordinance was approved on the 21st day of June, 1893, and directed and required that East Coates street should be paved with hard-burned brick from the center line of Ault street to the Moss Park school ground, prescribed the manner said paving should be done, and directing and requiring the city council of plaintiff, city of Moberly, to ascertain by proper estimate the necessary cost thereof, and make a contract and employ someone to pave the same; and, in pursuance to said ordinance, the city engineer of plaintiff, city of Moberly, made an estimate of the cost of said pavement, and submitted said statement to said city council; and afterward, to wit, on the 5th day of July, 1893, the city council of plaintiff, city of Moberly, passed an ordinance contracting for the paving of East Coates street between the middle line and the Moss Park school ground with brick; which ordinance was approved July 6, 1893, and by the terms of which the Moberly Brick, Tiling and Earthenware Company was employed and authorized to furnish the labor and material to pave said street, at and for the price and sum of $1.35 per square yard of surface paved, and which said Moberly Brick, Tiling and Earthenware

Company undertook and contracted to do for said price and sum, which was the price and sum the estimate, so furnished by the city engineer to the city council of plaintiff, city of Moberly, showed would be the necessary cost thereof, to wit, $1.35 per square yard of surface paved.''

No objection was taken by motion or otherwise to the petition, so far as we are advised by this record. If the pleading was not specific enough to inform defendant of the case he was summoned to meet, he should have taken steps to have it made so before the trial by an attack upon it at that stage of the case. In default of such action, it is certainly enough that the petition states the substance and general tenor of the ordinances which form the foundation of plaintiff's demand.

4. Defendant also argues that the ''front foot'' rule of assessment does not properly apply to the side of his lot that touches Coates street. This, too, is an old subject on which the law is settled to the effect that, where the side of a lot abuts upon the improvement, the lot is properly assessable therefor, according to that frontage, where the language of the law is in substance such as here appears. Similar language has been so interpreted in prior decisions. It is unnecessary to go over the argument of the subject now. *Seibert v. Tiffany* (1879), 8 Mo. App. 33; *Allen v. Krenning* (1886), 23 Mo. App. 561; *Wolfort v. St. Louis* (1893), 115 Mo. 139, (21 S. W. Rep. 912).

The intent to authorize such a mode of assessment of the special tax is even clearer, under the particular statute governing cities of the third class (Laws, 1893, p. 91, sec. 108, par. 5) than it was in the terms of law construed in the decisions above cited.

5. Defendant claims that the judgment is a personal one, and hence not authorized in such a case. It is as follows·

"It is, therefore, adjudged, ordered and decreed that plaintiff have judgment against defendant for the sum of $387.24, and for a special lien on and against said lot 12, in block 25, of the original town of Moberly, in Randolph county, Missouri, and that said lot be sold to pay said amount and costs of suit and that execution issue therefor."

The petition did not ask a personal judgment, but for "a special judgment against said lot for the amount of said tax bill," with interest and costs. The language of the judgment rendered is not as accurate on this point as it might be; its intent, however, is plain. We will not stop to examine whether it is good enough as written, when it can be so readily corrected, at the present stage of the litigation. Any possibility of its misconstruction in enforcement can be obviated by striking out the words "against defendant," and the word "and," where it occurs the second time, in the judgment as it now stands. R. S. 1889, sec. 2114; *St. Louis to use v. Bernoudy* (1869), 43 Mo. 552.

So amended, the judgment is affirmed, and the cause is remanded with directions to re-enter the judgment, now for then, as indicated. BRACE, C. J., and MACFARLANE and ROBINSON, JJ., concur.