McCormack, Admr. v. Patchin, et al.

SAMUEL C. McCORMACK, Admr. of MOSES W. RUGGLES and JA-
COB M. BIXLER, Respondents, *vs.* LYMAN W. PATCHIN, *et al.*,
Appellants.

1. *Municipal corporations—Special taxes—Streets—Re-paving—Assessment of
benefits.*—The power to grade and improve streets is a legislative power, and is
a continuing one, unless there is some special restraint imposed in the charter
of the corporation. It may be exercised from time to time, as the wants of
the municipal corporation may require, and of the necessity or expediency of
its exercise, the governing body of the corporation, and not the courts, is the
judge; and it follows that the power to compel the property owners
to pave generally, extends to compelling them to re-pave when required
by the municipal authorities. If the first paving of a street is a special benefit
to the front proprietor justifying the imposition on him of a portion of the ex-
pense, so the removal of an insufficient pavement and the making of a new
and sufficient one in its stead, is a matter of special benefit to the front pro-
prietor, although it may be also of general utility.

| 53 | 33 |
|---|---|
| 32a | 609 |

| 53 | 33 |
|---|---|
| 34a | 531 |

| 53 | 33 |
|---|---|
| 103 | 476 |
| 44a | 96 |
| 44a | 542 |

| 53 | 33 |
|---|---|
| 48a | 491 |

| 53 | 33 |
|---|---|
| 131 | 23 |
| 131 | 102 |

| 53 | 33 |
|---|---|
| 65a | 404 |

| 53 | 33 |
|---|---|
| 147 | 303 |
| 148 | 355 |
| 149 | 47 |

| 53 | 33 |
|---|---|
| 82a | 566 |

| 53 | 33 |
|---|---|
| 85a | 235 |

*Appeal from St. Louis Circuit Court.*

*Clayton F. Becker*, for Appellants.

I. The provisions in the city charter of 1867, and the ordi-
nance of the City Council of St. Louis passed in pursuance
thereof, in so far as they authorize the re-pavement of a street
which had already been paved, and had been paid for by the
owners of the adjoining property, and which was in good order
and repair, and the assessment of the cost of such re-pavement
exclusively upon the same adjoining properties, are unconsti-
tutional and void, as, in effect, prescribing the taking of pri-
vate property for public use without just compensation. (Ham-
mett vs. Philadelphia, 65 Pa. St., 146.)   This case is similar
to the case at bar in every respect. (The People, *ex rel.*, Post
vs. Booklyn, 6 Barb., 209; Pittsburg vs. Shaffer, 66 Pa., 454.)

II. Local assessments are within the principle of Eminent
Domain, where they are not founded upon and measured by
equivalent benefits distinctively affecting the property of the
persons upon whom the burden is exclusively charged. (*In
re.*, Canal Street, 11 Wend., 155; Egyptian Levee Co. vs.
Hardin, 27 Mo., 496; Sheehan vs. Good Samaritan Hospital,
50 Mo., 155; Creighton vs. Manson, 27 Cal., 625; Taylor vs
Palmer, 31 Cal., 254.)

3—VOL. LIII.

III. Taxation is bounded in its exercise by its own nature, essential characteristics and purpose. It must be reasonably just and equal in its distribution, and cannot sacrifice individual rights by a palpably unjust exaction. (*In re.* Washington Avenue, 69 Pa. St., 362, where the subject of Local Taxation is fully and ably discussed; Warren vs. Henly, 31 Iowa, 31.)

IV. The matter of benefits as an equivalent to the burdens of local taxation, is purely a juridical question, and is not proper to the City Council considering merely the question of the re-pavement of a street; for if the City Council can re-pave streets and assess the cost thereof exclusively upon the adjoining property, at its discretion, then there is no limit to its power over property; and it may re-pave and assess every day in the year until the whole value of the adjoining property has been transferred, in the name of the special local taxes, from the owners to other persons; which is clearly the exclusive province of the judiciary, operating upon persons who have had their day in court. (Chicago vs. Larned, 34 Ill., 203; Weeks vs. Milwaukee, 10 Wis., 258; Creote vs. Chicago, 4 Chicago Legal News, 106; Thurston vs. St. Joseph, 51 Mo., 510.)

*Thos. Grace,* for Respondents.

I. The tax bill sued on and read in evidence by the respondents, was *prima facie* evidence of the validity of respondents' claim, and of their right to recover. (Sess. Acts 1871, p. 193, § 1; City to use Creamer vs. Bernoudy, 43 Mo., 552; Hægele vs. Mallinckrodt, 46 Mo., 577.)

II. Sections 9 and 10, Article 8, of the charter of 1867, (Sess. Acts 1867, p. 73,) empower the City Council to pass ordinances for the re-construction of streets. An ordinance passed for such purposes is not unconstitutional or void. (Egyptian Levee Co. vs. Hardin, 27 Mo., 495; City of St. Joseph vs. Anthony, 30 Mo., 537; Keferstein vs. Laukton, *ante,* p. 234; Ruggles vs. Collier, 43 Mo., 355.)

III. The City Council was the sole judge whether or not the street needed to be re-constructed or re-paved, and the Coun-

cil having enacted an ordinance for that species of work, its decision is final on the point. (Young vs. The City of St. Louis, 47 Mo., 492.)

WAGNER, Judge, delivered the opinion of the court.

The sole ground of objection urged against the judgment in this case is, that the ordinance on which the special tax bill was founded was unconstitutional and void. By that ordinance the City Council of St. Louis ordered certain streets to be re-paved, with what is known as the Nicholson pavement, and authorized the cost or expense of the work to be assessed as a special tax against the owners of the ground fronting on the streets where the work was done. The City Charter clearly grants this power, but it is now insisted, that this provision in the Charter and the ordinance passed thereunder are unconstitutional, or, in effect, take private property for public use without making compensation, and that the power of paving at the property holders' expense, once exercised, becomes exhausted.

If the power to re-pave and assess the *costs* and expenses against the adjoining proprietors exists, the exigency which demands its exercise would rest primarily with the council, and would not ordinarily be under the supervision or control of the courts. Whether the power exists or is maintainable at all, is the only question.

The only cases which I have been able to find, sustaining the views urged by the appellant, are those decided in the Supreme Court of Pennsylvania. The first and principal case is Hammett vs. Philadelphia, (65 Penn. St., 146,) in which a majority of the court held, that although the original paving of a street was a local improvement and within the principle of assessing the costs on the lots lying upon it, yet, when a street was once opened and paved, it was thereby assimilated with the rest of the city and made part of it, and all the particular benefits to the locality derived from the improvements were then received and enjoyed.

The learned Judge, who delivered the prevailing opinion,

discussed with considerable fullness the principle underlying the power to make assessments for local benefits.

The opinion consists mostly of generalizations in regard to established and well admitted principles. It is perfectly true that it would be wholly beyond the scope of legislative power, to authorize a municipality to levy a local tax for general purposes. The burdens of the whole community cannot be shifted to the shoulders of one man, who has only an interest in common with all the rest.

·The whole theory of local taxation or assessments is, that the improvements, for which they are levied, afford a remuneration in the way of benefits. A law which would attempt to make one person or a given number of persons, under the guise of local assessments, pay a general revenue for the public at large, would not be an exercise of the taxing power, but an act of confiscation. In effect it would be transferring the property of one individual to another. These are legal truisms, which have long been entertained and firmly established. The line of separation exists between local and general taxation, and the boundary which lies between them is not always very clear or definite.

The case of Hammett vs. Philadelphia shows that it is difficult to draw the true line of distinction between these respective modes of taxation, and the Judge, who wrote the opinion of the majority of the court, finally placed it upon the fact that the act which he was construing relieved the case of all difficulty and showed upon its face that the special taxation authorized was avowedly for a general and not a local object.

The law was for the uses and purposes of the public, and not specially beneficial to any particular class. The power to grade and improve streets is a legislative power, and is a continuing one, unless there is some special restraint imposed in the Charter of the corporation. It may be exercised from time to time as the wants of the municipal corporation may require, and of the necessity or expediency of its exercise, the governing body of the corporation, and not the courts, is the

Judge (Hoffman vs. St. Louis, 15 Mo., 651; Macy vs. Indianapolis, 17 Ind., 267; Gall vs. Cincinnati, 18 Ohio St., 563; Furman Street, 17 Wend., 649; Smith vs. Washington, 20 How. U. S., 135; Plum vs. Canal Company, 2 Stockt., 256.)

As the power to tax and the power to make local improvements at the expense of the property benefited, is, like all the other legislative power of the municipality, a continuing one, unless there be something to indicate the contrary, it follows that the power to compel the property owners to pave genererally, extends to compelling them to re-pave when required by the municipal authorities. (Dill. Munic. Corp., § 619.)

In Gurnee vs. The City of Chicago, (40 Ills., 165,) the point was directly decided, and the court held that the power to repair or pave streets, authorized a corporation to remove an old pavement and replace it with a new one of a different description, and assess the expense against the property holders fronting on the street.

The same doctrine is held by the court in Indiana, (City of Lafayette vs. Fowler, 34 Ind., 140.) In the case of the Municipality vs. Dunn, (10 Laian., 57,) the city sued to recover a portion of the cost of re-paving a street in front of defendant's lot. It appeared that the street had been previously paved at the expense of the property, but it was deemed advisable to replace the first pavement with one of a different material.

The defense was that, although the right to assess the property for the first pavement was given, yet the corporation had no right to compel a contribution from the same property for the second pavement. But the court decided that the power to pave the streets was a continuing power, to be exercised when the public good required it, and extended as well to the making of a new in the place of an insufficient pavement as to the one first built, the equity in both cases being regarded the same.

If the first paving of a street is a special benefit to the front proprietor, justifying the imposition upon him of a portion of the expense, so the removal of an insufficient pavement and

the making of a new and sufficient one in its stead, is a matter of special benefit to the front proprietor, although it may also be of general utility.

Every street when it is opened and improved is doubtlessly beneficial to the general public, but the property holder on the street receives a greater and additional benefit in the enhancement of the value of his property. If the street is permitted to get out of repair, so as to render it difficult or dangerous to travel, his property deteriorates as a consequence.

It is then for his advantage and benefit that the street should be repaired or re-construed, and he receives a special benefit not shared by the public at large.

My opinion is that the law is not illegal, and that the judgment should be affirmed.

The other Judges concurring.