90　113<br>
32a　609<br>
90　113<br>
131　24<br>
90　113<br>
65a　404<br>
90　113<br>
148　355<br>
90　113<br>
85a　285

</div>

## ESTES, *Appellant*, v. OWEN.

**Municipal Corporation : ST. JOSEPH : POWER TO PAVE AND REPAIR STREETS.** The city of St. Joseph, under its charter, has the power to cause its streets to be macadamized or paved at the cost of abutting property owners, and this power extends to compelling them to repair, when required to do so by the municipal authorities.

*Appeal from Buchanan Circuit Court.*—HON. JOS. P. GRUBB, Judge.

REVERSED.

　　*Woodson & Woodson* for appellant.

　　The tax bills make a *prima facie* case. *Ess v. Bouton*, 64 Mo. 105 ; *Menan v. Smith*, 60 Mo. 294. The power to compel property or lot owners to macadamize is a continuing one, and extends to compelling to repair

when required by the municipal authorities.  2 Dillon on Mun. Corp. [3 Ed.] p. 779, sec. 780 (619), and case cited in foot note ; *Morley v. Weakly*, 86 Mo. 451 ; *McCormick v. Pachin*, 53 Mo. 33, and cases cited ; *Farrar v. City of St. Louis*, 80 Mo. 379, 392.    When, in all material respects, the ordinances relating to contracts for street improvements, and the issuance of special tax bills for cost of same, are complied with between the city authorities and the contractor, the latter can maintain his action for the amount of such tax bills.    *Sheehan v. Owen*, 82 Mo. 458.

*Green & Burnes* for respondent.

(1)  The city has no power to repair a street at the expense of the holders of property abutting on it, when it has already been once macadamized.   Charter and Ordinances of City of St. Joseph, 1869, p. 47, secs. 4, 5.  (2) The ordinance under which the work was done delegates the power to the city engineer to say where the work should be done to make the street a good one, which power could only be exercised by the mayor and city council.   (3) The case was submitted to the court on the evidence of both parties, and it might have found that the contract between the city and plaintiff was payable in city warrants, as defendant's evidence tended to show, in which case there would have been no error in giving the instruction.   (4) The contract could not be awarded by the council without the mayor's action, and it cannot be presumed that he did act when the record shows that he simply presided at the meeting when the same was ordered.   *Saxton v. Beach*, 50 Mo. 488.

NORTON, J.—This is a suit to recover of defendant certain tax bills for work done in repairing a macadamized street in the city of St. Joseph, in front of property owned by defendant.   The work was done

Estes v. Owen.

under a contract awarded by the mayor and council, the same having been authorized by the ordinances of said city. The case was tried before the court without the intervention of a jury. The court sustained a demurrer to the evidence on the ground, as stated in the bill of exceptions, that under its charter the city of St. Joseph had no power to make the contract in suit, and authorize the work and repairing thereunder, when charged as a special tax against defendant's property.

That the city, under its charter, has the power to cause its streets to be macadamized or paved at the cost of abutting property owners, is not denied, and is affirmed in the case of *Morley v. Weakley*, 86 Mo. 451. But according to the ruling of the trial court, it is claimed that when a street has once been macadamized and gets out of repair, that the city cannot cause it to be repaired at the cost of such property owners. The propriety of this ruling of the trial judge is the only question in this case, and it must be adjudged to be erroneous under the rulings made by this court in the cases of *McCormick v. Patchen*, 53 Mo. 33, and *Farrar v. City of St. Louis*, 80 Mo. 379, in which last cited case it is said: "The power to grade and improve streets is a legislative power, and a continuing one, unless there is some special restraint imposed in the charter of the corporation. The power to compel property owners to pave generally extends to compelling them to repair, when required by the municipal authorities."

The judgment is reversed and cause remanded, in which all the judges concur.