SKINKER, Appellant, v. HEMAN et al.

In Banc, February 21, 1899.

1. **Cities**: STREET IMPROVEMENT: SPECIAL TAX BILLS: INJUNCTIVE RELIEF: PROCEDURE. In pursuance to charter provisions the city of St. Louis passed ordinances, by which plaintiff was required to have the pavement of the sidewalk in front of his premises reconstructed with artificial stone flagging, and upon his refusal, the city had the work done at a cost of $300. The plaintiff in his petition for injunctive relief alleges that the city is about to issue a special tax bill against said premises for the amount of the costs, and prays that it

148   349
80a  579
148   349
f155  681
a156  544
148   349
158   509
85a  235
148      349
99a  ²348

be enjoined from doing so on the ground that such ordinances are unreasonable and oppressive. Defendants contend that the facts relied on for injunctive relief could be as effectively urged as a defense to an action at law on the tax bill, and that plaintiff has an adequate legal remedy. *Held*, that the prayer for relief by injunction could not be denied on that ground.

2. ———: ———: AT COST OF ABUTTING PROPERTY OWNER. Under the power given the city in the St. Louis charter, "to pave and otherwise improve" its streets, by ordinance, and to charge the cost "upon the adjoining property as a special tax," the city has the power to require the pavement in front of plaintiff's premises to be repaved of artificial stone flagging at his expense. Such power is a. legislative and continuous one, and an ordinance passed in pursuance thereof will be upheld, unless it appear that it is the creature of fraud, or is the product of legislative whim or caprice and in violation of common right, or imposes a burden on the citizen without a corresponding benefit to him or the community of which he is a part.

3. ———: ———: ———: REASONABLE ORDINANCE. The ordinance provided that the sidewalks located in the Western District of the city should, when they became out of repair, be replaced by a pavement of artificial stone flagging, or such other stone as should be approved by the board of public improvements, at the cost of the adjoining property owner. The petition states that this district contains not less than two hundred miles of sidewalk laid in brick, and contends that, while the brick sidewalk in front of the plaintiff's premises was out of repair, it could be repaired with brick at a cost of $7, but that he would be required to expend $300 to replace it with stone, and that the ordinance is, therefore, as to him, oppressive and unreasonable. *Held*, that the ordinance ought not to be declared void, and the collection of the special tax bill of $300 ought not to be enjoined, and a demurrer to the petition was properly sustained.

*Transferred from St. Louis Court of Appeals.*

CIRCUIT COURT JUDGMENT AFFIRMED.

T. K. SKINKER *pro se.*

(1) The ordinance is unreasonable and oppressive, as entailing upon plaintiff a great and unecessary expense, and is therefore void. Corrigan v. Gage, 68 Mo. 541; St. Louis v. Weber, 44 Mo. 547; Cape Girardeau v. Riley, 72

Skinker v. Heman.

Mo. 220; Kelly v. Meeks, 87 Mo. 396; Morse v. Westport, 110 Mo. 502; Warren v. Paving Co., 115 Mo. 580; St. Louis, v. Russell, 116 Mo. 258; Tarkio v. Cook, 120 Mo. 9; Halpin v. Campbell, 71 Mo. 493; Plattsburg v. Riley, 42 Mo. 22; Hannibal v. Telegraph Co., 31 Mo. App. 32; White v. Railroad, 44 Mo. App. 540; James v. Pine Bluff, 49 Ark. 205; Waters v. Leech, 3 Ark. 110; Comm'rs v. Gas Co., 12 Pa. St. 318; Ex parte Whitwell, 98 Cal. 73; St. Paul v. Laidler, 2 Minn. 190; Mankato v. Fowler, 32 Minn. 364; State Center v. Barenstein, 66 Ia. 249; St. Louis v. Packing Co., 141 Mo. 375; Chaddock v. Day, 75 Mich. 527; Mason City v. Barngrover, 26 Ill. App. 296; Kip v. Patterson, 26 N. J. L. 298; Crawford v. Topeka, 51 Kan. 756; Bank v. Sarlls, 129 Ind. 201; Mayor v. Dry Dock, etc., Co., 133 N. Y. 104; Railroad v. Mayor, 47 N. J. L. 286; Nicoulin v. Lowery, 49 N. J. L. 391. The power to pave and repave, though a continuing power, does not warrant the action taken in this case. St. Louis City Charter, art. 6, secs. 15 and 18; McCormick v. Patchin, 53 Mo. 35; Municipality v. Dunn, 10 La. Ann. 57; Wistar v. Philadelphia, 80 Pa. St. 505; Smith v. Kingston, 120 Pa. St. 357; Heman v. Handlan, 59 Mo. App. 490. (2) Injunction is a proper remedy. Gardner v. Terry, 99 Mo. 523; State v. Philips, 97 Mo. 339; Martin v. Jones, 72 Mo. 24; State v. Tiedeman, 69 Mo. 306; Ogden v. Armstrong, 168 U. S. 224; Harrington v. Utterback, 57 Mo. 519; Vogler v. Montgomery, 54 Mo. 577; Rubey v. Shane, 54 Mo. 207; Newmeyer v. Railroad, 52 Mo. 81; Ranney v. Bader, 67 Mo. 476; State v. Columbia, 111 Mo. 365; Overall v. Ruenzi, 67 Mo. 203; Clifton v. Anderson, 40 Mo. App. 622; Ritterskamp v. Stifel, 59 Mo. App. 510; Russell v. Lumber Co., 112 Mo. 40; Leslie v. St. Louis, 47 Mo. 474; Fowler v. St. Joseph, 37 Mo. 228; Lockwood v. St. Louis, 24 Mo. 20; Johnson v. Duer, 115 Mo. 366; Michael v. St. Louis, 112 Mo. 610.

W. C. MARSHALL for respondents.

(1)   The city has full power to issue tax bills.   City Charter, art. 3, sec. 26, par. 2; Ib. art. 6, secs. 15 and 18; Palmyra v. Morton, 25 Mo. 595; 27 Miss. 224; 5 Gilm. 405; 1 McCook, 77; 9 Ben. Mon. 526; 9 Humph. 252; 4 Comst. 423; Egyptian Levee Co. v. Hardin, 27 Mo. 495; St. Joseph v. O'Donoghue, 31 Mo. 345; Lockwood v. St. Louis, 24 Mo. 20; St. Louis v. Clemens, 36 Mo. 497; Eyerman v. Blaksley, 78 Mo. 145; State v. Leffingwell, 54 Mo. 458; McCormick v. Patchin, 53 Mo. 35; Farrer v. St. Louis, 80 Mo. 379; Estes v. Owen, 90 Mo. 113; Morley v. Carpenter, 22 Mo. App. 640; Smith v. Tobener, 32 Mo. App. 609.   (2)   The power to pave carries with it the power to repave, repair or reconstruct whenever the municipal authorities determine that it is necessary, and such decision is not reviewable by the courts. Farrar v. St. Louis, 80 Mo. 392; McCormack v. Patchin, 53 Mo. 36; Estes v. Owen, 90 Mo. 115; Morley v. Carpenter, 22 Mo. App. 640; Smith v. Tobener, 32 Mo. App. 609; State ex rel. v. Railroad, 85 Mo. 277; Buchan v. Broadwell, 88 Mo. 36; State ex rel. v. City of Kansas, 89 Mo. 40; Dennison v. City of Kansas, 95 Mo. 430; St. Joseph v. Owen, 110 Mo. 455; Gibson v. Keyser, 16 Mo. App. 405; Allen v. Krenning, 23 Mo. App. 569; Stifel v. Brown, 24 Mo. App 108; Weber v. Schergens, 28 Mo. App. 590.   (3)   Ordinance 16,630, is a valid ordinance regulation, and is not void on the ground that it is unreasonable.   (4)   Plaintiff has an adequate remedy at law, and hence is not entitled to maintain this proceeding.   There is no fact relied on in this case which could not be relied on equally as effectively in a suit on the special tax bill, and hence a court of equity has no jurisdiction over the matter.   Michael v. St. Louis, 112 Mo. 610; Winter v. City Council, 9 So. Rep. 366; McClanahan v. West, 100 Mo. 323; Bedecke v. Ziegenhein, 122 Mo. 239.

BRACE, J.—This is an appeal from a judgment of the St. Louis circuit court sustaining a demurrer to plaintiff's petition.

The appeal was taken to the St. Louis Court of Appeals, where the judgment of the circuit court was reversed, but the case was certified to this court for the reason that one of the judges of the court of appeals was of the opinion that its decision was in conflict with the decision of this court in Farrar v. St. Louis, 80 Mo. 392. The petition is set out in full in the report of the case (Skinker v. Heman, 64 Mo. App. 441), and need not be repeated here.

By the charter of the city of St. Louis, the mayor and assembly have power by ordinance, "to establish, open, vacate, alter, widen, extend, pave or otherwise improve and sprinkle all streets, avenues, sidewalks, alleys, wharves and public grounds and squares, and provide for the payment of the costs and expenses thereof in the manner in this charter prescribed," etc. [Art. 3, sec. 26, par. 2.]

And by the charter it is further provided "that nothing in this article shall be so construed as to prevent the board of public improvements, through the proper officer thereof, from annually letting and entering into contracts on the first day of July of every year, for the grading, constructing, reconstructing and repairing all sidewalks and repairing street, alley and gutter paving and such other similar work which may be ordered by ordinance, or may become necesary to be done during the year." [Art. 6, sec. 15.]

And that, "The cost of construction of all the foregoing improvements within the city shall be apportioned as follows: The grading of new streets, alleys, and the making of crosswalks, and the repairs of all streets and highways, and cleaning of the same, and of all alleys and cross-walks, shall be paid out of the general revenue of the city; and the paving, curbing, guttering, sidewalks, and the materials for the roadways, the repairs of all alleys and sidewalks, shall be charged

upon the adjoining property as a special tax, and collected and paid as hereinafter provided." . . . Art. 6, sec. 18.

In the pursuance of these charter provisions ordinances numbered 16630 and 1343 set out in the petition were duly passed, under the provisions of which the plaintiff was required to have the pavement of the sidewalk in front of his premises, which was out of repair, reconstructed with artificial stone flagging, to do which, however, he refused, and thereupon the city had the work done at the cost of $300. The plaintiff alleges that the defendants, the president of the board of public improvements, and the comptroller of the city of St. Louis, are about to issue a special tax bill against plaintiff's said premises, for the amount of said cost, and prays that they be enjoined from doing so, on the ground that said ordinance numbered 16330 is unreasonable and oppressive.

1. The defendants contended in the court of appeals, as they do here, that as the facts relied on for injunctive relief, could be as effectively urged as a defense to an action on the tax bill, the relief prayed for should be denied, on the ground that plaintiff has an adequate remedy at law. The court of appeals refused to sustain this objection to the petition. While there has been a contrariety of opinion among the members of this court upon this subject, it is one of those rules of procedure the settlement of which is more important than the way of its settlement, and this question having been maturely considered and decided by the court in Banc in the recent case of Verdin v. St. Louis, 131 Mo. 26, and this ruling of the court of appeals being in harmony with the conclusion reached by a majority of the court in that case, we think it ought to be sustained, and hereafter maintained as the settled doctrine of this court on this subject.

2. On the facts of this case as disclosed by the petition we do not deem it necessary to go into any extended discussion of the general question of the power of the courts to

declare an ordinance of a municipality void because unreasonable and oppressive. Under the power given to the city by the charter to "pave or otherwise improve" its streets and to charge the cost of the same "upon the adjoining property as a special tax," the city had power to require the pavement in front of plaintiff's premises, to be repaved at his expense. [Hoffman v. City of St. Louis, 15 Mo. 652; McCormack v. Patchin, 53 Mo. 33; Farrar v. City of St. Louis, 80 Mo. 379; Estes v. Owen, 90 Mo. 115.] In the case of Farrar v. City of St. Louis, under a like ordinance passed in pursuance of the power conferred by the foregoing charter provisions, the pavement on Washington avenue, from Fifth to Twelfth street, was required to be reconstructed by taking up and removing the old pavement, and paving the roadways with granite blocks laid on a concrete foundation, the cost of which was charged as a lien upon the adjoining property, and it was sought by an abutting property owner to enjoin the city authorities from executing the ordinance. The same was upheld, and the injunction refused, the court saying in the course of the opinion: "The power conferred upon the city to 'pave and otherwise improve its streets' is a continuing one, and it was said in McCormack v. Patchin, 53 Mo. 36, where the construction of the above words was invoked, that 'the power to grade and improve its streets is a legislative power, and is a continuing one, unless there is some special restraint imposed in the charter of the corporation. It may be exercised from time to time as the wants of the corporation may require and of the necessity and expediency of its exercise the governing body of the corporation and not the courts, is the judge.' "

The power given to the city by these charter provisions is included within the terms of the grant itself, and not such as is merely incidental to its power as a municipality. The general rule in this State is that with the exercise of such power the courts will not interfere. But when it appears

that an ordinance passed in pursuance of such power is the creature of fraud or is the product of legislative whim or caprice merely, and in violation of common right, imposing a burden upon the citizen without any corresponding benefit to him, or the community of which he is a constituent, the courts will interfere for his protection. In other words, while the courts may not interfere with the legitimate use of legislative power delegated to a municipal corporation, they may interfere to prevent its abuse.

Such seems to be the doctrine in this State, to be deduced from the numerous decisions of this court on this subject, when read in the light of and with reference to the facts in judgment in each case. [Hoffman v. City of St. Louis, 15 Mo. 651; City of St. Louis v. McCoy, 18 Mo. 239; City of St. Louis v. Weber, 44 Mo. 547; McCormack v. Patchin, 53 Mo. 33; Corrigan v. Gage, 68 Mo. 541; Halpin v. Campbell, 71 Mo. 493; City of Cape Girardeau v. Riley, 72 Mo. 220; Farrar v. City of St. Louis, 80 Mo. 379; Ferrenbach v. Turner, 86 Mo. 416; Kelly v. Meeks, 87 Mo. 396; Estes v. Owen, 90 Mo. 113; State ex rel. v. Schweickardt, 109 Mo. 496; Morse v. City of Westport, 110 Mo. 502; Warren v. Barber Paving Co., 115 Mo. 572; City of Tarkio v. Cook, 120 Mo. 1; Morse v. Westport, 136 Mo. 276; St. Louis v. Heitzeberg Packing Co., 141 Mo. 375.] And this seems to be the doctrine generally in the United States. Dillon on Mun. Corp. (4 Ed.), secs. 319-328, and cases cited in briefs of counsel.

By the ordinance in question it was in substance required that whenever, thereafter, a sidewalk located in the western district of the city as defined by metes and bounds therein set out, became out of repair, the same should be repaired or replaced by a pavement constructed of artificial stone flagging or such other stone as should be approved by the board of public improvements at the cost of the adjoining property owner, and it appears from the allegations of the

petition that this territory embraces "not less than two hundred miles of sidewalk laid with brick."

This is the whole scope of the ordinance, and there is nothing in its terms or the subject-matter to which they are to be applied suggesting an oppressive or unreasonable use of the power granted in this instance, and this case being on all fours with the case of Farrar v. St. Louis, and that case being in line with the other decisions cited, ought to be decisive of it. But it is contended that as in the application of this ordinance to the plaintiff's property in front of which he has a brick pavement confessedly out of repair he would be required to expend $300 for replacing it with a stone pavement as required by the ordinance, when he could repair it with brick so as to make a very good pavement, at a cost of $7, the ordinance, as to him, is unreasonable and oppressive, and as to him ought to be declared void, and the inforcement of the tax bills therefor ought to be enjoined, and for support of his contention he relies upon the case of Corrigan v. Gage, 68 Mo. 541, in which the charter power was substantially the same as in the case in hand, and in which we held that an ordinance requiring the "paving of a sidewalk in an uninhabited portion of a city, and totally disconnected with any other street or sidewalk," was unreasonable and oppressive and refused to sustain it. That ordinance imposed a burden upon the adjoining property owners without any corresponding benefit to them or to the public; was wholly uncalled for by the conditions to which it was to be applied, appeared to be the offspring of mere legislative caprice, and furnishes an apt illustration of that arbitrary abuse of municipal legislative power, for relief against which the power of the courts may be invoked. And while that case and others of those herein cited are authority for the exercise of such power in such a case, they give no support to plaintiff's contention. The ordinance in question appears to be in all respects a reasonable and proper

one bearing upon its face no evidence whatever of fraud or caprice in its enactment, and suitable to the subject-matter to which it is to be applied. The fact that in its application to the plaintiff's property, he will be required in the interest of the public for whose benefit it was enacted to lay down a stone pavement in front of his premises at a cost of $300, and which for aught that appears to the contrary may benefit his property to a reasonable extent, when he could have repaired his old brick pavement with brick at a cost of $7, furnishes no ground whatever for impeaching the validity of the ordinance. There may be cases in which an ordinance general in its scope may be reasonable when applied to one state of facts, and unreasonable when applied to another, in which although the subject is within the terms of the ordinance it is not within its intention.

In this case, however, the plaintiff's property is within the reason as well as the terms of a reasonable ordinance and there is no place in it for the application of that principle. The judgment of the circuit court is affirmed, and that of the court of appeals is reversed. All concur, except SHERWOOD, MARSHALL and VALLIANT, JJ., not sitting; MARSHALL, J., having been of counsel.