JOHN C. HEMAN, Appellant, v. FRANK RING et al., Respondents.

<div style="margin-note">85    231<br>99   ᵇ348</div>

### St. Louis Court of Appeals, April 24, 1900.*

1. **Tax Bill, Special:** IMPROVEMENTS: THAT WORK IS NOT NEEDED NO DEFENSE. Defendant sued on a special tax bill for reconstruction of a sidewalk or street on which his property abuts, can not defeat a recovery on the *sole* ground that the sidewalk or street was *not* out of repair and reconstruction was unnecessary.

2. ———: ———: OBJECTIONS TO MAKING IMPROVEMENTS. Objections to the method adopted of improving streets or sidewalks ought to be made before the work is done, and unless fraud or collusion is shown, it would be unjust to the contractor to refuse payment for the simple reason, that the court might conclude that the municipal board had not chosen the cheapest plan.

3. ———: ———: TAX BILL PRIMA FACIE EVIDENCE OF LIABILITY. A tax bill is *prima facie* evidence that the property is liable for the charges stated in it.

4. ———:· ORDINANCE: WHEN DEFENDED AGAINST IN TAX SUIT. If an ordinance is the product of fraud or collusion, or is void, such facts may be shown as a defense to a suit on a special tax bill for work done, under such void or fraudulent ordinance.

5. ———: ORDINANCE: INJUNCTIVE RELIEF. Where an ordinance is valid in its general scope and embraces the subject-matter to which it is applied, the fact that it is inapplicable to the defendant's property, and imposes upon him a burden, without any corresponding benefits to him or the community, can not, for the first time, be interposed as a legal defense in a suit on the special tax bill for work done under the ordinance. He may, however, have injunctive relief if timely sought to prohibit the issuance of the tax bill.

6. ———: ———: ORDINANCE UNREASONABLE. If an ordinance is valid in its general purpose, but unreasonable and oppressive as applied to certain property, the owner of such property may by proper proceeding test its validity, if done before suit is brought on special tax bill.

---

* Received by reporter November 20, 1900.

Heman v. Ring.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

REVERSED AND REMANDED.

*Hickman P. Rodgers* for appellant.

The properly constituted officers of the city of St. Louis are the sole judges of the necessity and expediency of sidewalk improvements, and with the exercise of such power the courts will not interfere. Skinker v. Heman, 148 Mo. 349; Charter City of St. Louis, art. 4, sec. 35 (R. S. 1899, p. 2109); Moberly v. Hogan, 131 Mo. 19-24; City v. Oeters, 36 Mo. 456.

*A. R. Taylor* for respondents..

(1) There is not a suggestion in the opinion that the commissioner could proceed to tear up a sidewalk in perfect repair and put in reconstruction. The case is against appellant. (2) The evidence tending to prove that the sidewalk in question was not out of repair, and the jury's verdict thereon, settled the question that it was not out of repair, and that, therefore, there was no authority to reconstruct. This defeats the case, we submit. (3) The evidence conclusively shows that the street commissioner did not examine the condition of the sidewalk, did not know whether or not it was out of condition, exercised no discretion in the matter, and, therefore, there is not even *prima facie* evidence that the sidewalk was out of repair. Certainly a property owner can not be held subject to the caprice, neglect or fraud of every or any inspector who may report a sidewalk out of repair.

BLAND, P. J.—This suit is to enforce a special tax bill

against property of defendants. The work performed by plaintiff consists of laying a granitoid sidewalk on twentieth, from Morgan street south to an alley, in the place of a brick sidewalk, under ordinance of the city of St. Louis No. 16630. The plaintiff is an annual contractor with the city for doing such work. The defendants were notified by the street commissioner of the city, to the effect, that said brick sidewalk was out of repair and unless they caused the same to be reconstructed with artificial stone flagging as required by said ordinance, the work would be done by the annual contractor and the costs thereof assessed against their property. Defendants procured from the street commissioner postponements from time to time, but when it became apparent that they would not do the work of reconstruction, an order was given to plaintiff as annual contractor to perform the work. On the completion and inspection of the work the special tax bill sued on was issued. On the trial appellant offered and read in evidence the special tax bill, showed demand of payment, and rested his case. Defendants read in evidence ordinance number 16630 and notice to reconstruct the sidewalk, and also testimony, over the objection of plaintiff tending to prove that the brick sidewalk, which was replaced by the granitoid one, was not out of repair and that reconstruction was not necessary. The court for defendants gave the following instruction, to which plaintiff objected and excepted: "The court instructs the jury that there can be no recovery for plaintiff in this case if the jury find, from the evidence, that the sidewalk described in the notice, of date October 9, 1893, read in evidence, was not out of repair at the time said notice was mailed to the defendant owners, and was not out of repair when the work described in the tax bill, read in evidence, was begun." There was a verdict and judgment for defendants, from which plaintiff duly appealed.

The legal question presented by the record is, may the

defendant, when sued on a special tax bill for reconstruction of a sidewalk or street on which his property abuts, defeat a recovery on the *sole* ground that the sidewalk or street was *not* out of repair and that the reconstruction was unnecessary? In Warren v. The Barber Pav. Co., 115 Mo. loc. cit. 580, Judge Macfarlane, speaking for the court, used the following language: "In the performance of duties in which discretion is lodged with the governing authorities of a city, we think objections to the methods adopted by them, which are within such discretion, should be made before the work is done, unless fraud or collusion is shown. It would be unjust to a contractor who has completed an improvement in. full compliance with a contract awarded him by the board of aldermen, which is within the general powers conferred upon it, to refuse payment for the simple reason that the courts may conclude that the means or methods adopted by the board were not the best or cheapest. If contracts could be vacated for such reasons, all security to contractors would be destroyed and the cost of improvements necessarily increased in order to insure against such contingencies." Citing Sheehan v. Owen, 82 Mo. 464; Ross v. Stackhouse,-114 Ind. 200; Cole v. Skrainka, 105 Mo. 309; Gibson v. Owens, 115 Mo. 258; Morse v. Westport, 110 Mo. 502; Johnson v. Duer, 115 Mo. 366.

In Moberly v. Hogan, 131 Mo. 19, in a suit to enforce the lien of a special tax bill against defendant's land for street improvements, it was ruled that the tax bill was *prima . facie* evidence of the liability of the property for the charges stated in the bill; that "the authority invested with the power of taxation for such purposes determines the occasion for the tax, and levies it upon the property subject to the tax. Where that is regularly done, in accordance with the terms of the law conferring the power, the propriety of the tax in the particular instance

is not a judicial question, and it is not reviewable by the courts in the manner here attempted." Citing McCormack v. Patchin, 53 Mo. 33; Seibert v. Tiffany, 8 Mo. App. 33; Estes v. Owen, 90 Mo. 113; St. Louis v. Ranken, 96 Mo. 497.

From the foregoing authorities we conclude, that where the ordinance under which a street required to be improved is void, for want of authority in the city to pass it, or is the product of fraud or collusion, these facts may be shown as a defense in a suit on a special tax bill for work done under the void, fraudulent or collusive ordinance. But where the ordinance is valid in its general scope, as number 16630 was held to be in Skinker v. Heman, 148 Mo. 349; and does not on its face bear any evidence of fraud or caprice in its enactment, and is suitable to the subject-matter to which it is applied, the fact that it is inapplicable to the defendant's property and imposed a burden on him, without any corresponding benefits to him or the community of which he is a constituent, can not for the first time be interposed as a legal defense in a suit against him on a special tax bill for work done under the ordinance. But he may in such circumstances have injunctive relief, if timely application is made therefor prohibiting the issuance of the tax bill. Skinker v. Heman, *supra.* To permit the defense in such cases, as was allowed on the trial of this cause, would be intolerable, harassing and extremely detrimental to both the city and real estate owners. In the language of Judge Macfarlane in Warren v. Barber Pav. Co., *supra,* if such defenses could be interposed "all security to the contractors would be destroyed and the costs of improvements necessarily increased in order to insure against such contingencies." The contractor for these improvements contracted with the city, and is bound, when notified by the proper officer, to make them; he has no voice in the making of the ordinances providing for the improvements, nor is he

to judge of the applicability of the ordinance to any particular sidewalk; his duty is to comply with his contract and make the improvement when notified, in the manner and with the material provided for by the ordinance, and it seems to us that unless the ordinance under which the work is done is wholly void on its face, or is the product of collusion or fraud, the owner of the real estate against which the special tax bill is issued should be estopped to defend on the ground that the improvement was unnecessary. If the ordinance is valid in its general scope, but unreasonable and oppressive as applied to a particular lot, it is the duty of the owner of such lot when notified that the street commissioner intends to apply the ordinance to his lot and require the improvement to be made, to take the appropriate legal steps to test the validity and reasonableness of the ordinance as applied to his lot, before the work is done by the contractor and the tax bill is issued. The issue of the reasonableness of the ordinance as applied to the property of the respondents, was one between the city or its street commissioner and the respondents, not between the contractor and the respondents. The ordinance being general in its scope, its applicability to any specific lot was left to the judgment of the street commissioner and street inspectors, officers of the city, through and by whom it applied and enforced the ordinance. If they erred in their judgment by applying the ordinance to respondent's property, it was not the error of the contractor, and he should not be made to suffer for their mistake, nor should he after having performed the work be compelled to defend the correctness of their judgment in a suit on his special tax bills issued for the contract price of the work. That issue (the applicability of the ordinance to respondent's property), should have been tested before the work was done by an appropriate proceeding between respondents and the city or its street commissioner.

Respondents having failed to do this, have lost their day in court and are estopped to raise it against the contractor in a suit on the special tax bill.

The judgment is reversed and the cause remanded. Judge *Bond* concurs; Judge *Biggs* dissents.