JENNINGS HEIGHTS LAND & IMPROVEMENT COMPANY, Appellant, v. CITY OF ST. LOUIS et al.

In Banc, April 2, 1914.

1. **DISTRICT SEWERS: To Drain Lands in City and Outlying Territory: Construction According to Charter and Ordinance: Enabling Statute Optional.** The validity of an ordinance, regular in all its details, providing for the construction of a district sewer to drain lands lying within and without the city limits, is not affected by the fact that the city did not avail itself of the Act of 1905, Laws 1905, p. 62, providing for joint action between the city and county authorities in building sanitary sewers to lands lying partly within the city and partly in the county, if they see fit to take the necessary steps to

avail themselves of its provisions. Said statute is not mandatory, but optional; and without it the city charter gives the city power, by ordinance, to construct sewers within its corporate limits.

2. ———: **Benefit District: Conclusiveness of Ordinance.** An ordinance enacted in pursuance to the charter, in so far as it establishes a district to be benefited by sewers and as justifying a special tax against the lands lying within the district to pay for its construction, is conclusive, in the absence of evidence of fraud in its procurement or proof that it is manifestly arbitrary or unreasonable, or that the assessment is palpably unjust and oppressive.

3. ———: ———: ———: **Tax to Drain Higher Ground Lying Outside City.** An ordinance establishing a benefit district within the city and providing that the lands lying within it alone are to be taxed with the cost of the construction of the sewer, is not invalid on the sole ground that the sewer is made larger than would otherwise be necessary in order that it may carry the waters of a creek that drains lands lying outside the city within the watershed, if the lands lying within the sewer district are lower than and therefore servient to the lands lying outside the city and would without the enlarged sewer be overflowed in times of rainfall from the waters of the creek. Nor are the tax bills to the extent of the proportionate amount they are swelled by the cost of constructing the enlarged sewer invalid.

4. ———: **Corrupt Bargain Between City and Others.** Contracts between the city and the officers of a cemetery association by which the association granted the right of way for a district sewer through its grounds and agreed to pay ten thousand dollars to the city, and required the contractor in return to fill up a creek to be drained by the sewer with the earth excavated in digging the sewer, are of themselves no evidence that the ordinance establishing the sewer district and providing for the construction of the sewer was enacted as the result of a corrupt agreement entered into by the city and such association.

5. ———: ———: **Notice to Contractor: Tax Bill.** Even if it be shown that the ordinance establishing the sewer district and providing for the construction of the sewer was enacted as the result of a corrupt agreement between the city and the owner of considerable real estate in the section wherein a public sewer was laid, the tax bill issued to a contractor in payment for constructing the district sewer who had no notice of the misconduct, is not rendered invalid as to him by such misconduct.

Appeal from St. Louis City Circuit Court.—*Hon. Thomas C. Hennings,* Judge.

AFFIRMED.

*Christy M. Farrar* for appellant.

(1) An ordinance of a municipal corporation may be declared void by the courts, as being unreasonable, fraudulent, arbitrary or oppressive. City v. Hyde, 196 Mo. 498; Hannibal v. Telephone Co., 31 Mo. App. 23; Corrigan v. Gates, 68 Mo. 541; Ligare v. Chicago, 139 Ill. 46; 2 Dillon on Municipal Corporations (5 Ed.), secs. 580, 778, 1578, note p. 2779; State ex rel. v. Gates, 190 Mo. 540. (2) Where the action of a Legislature is manifestly arbitrary or the assessment palpably unjust and oppressive, the wrong must always be open to correction. Norwood v. Baker, 172 U. S. 269; French v. Asphalt Co., 181 U. S. 324; 2 Cooley on Taxation (3 Ed.), pp. 1256-7-8. Special benefits actually received is the only principle on which special tax assessments can justly rest. Clinton v. Henry County, 115 Mo. 569; Neenan v. Smith, 50 Mo. 526; 4 Dillon on Mun. Corp. (5 Ed.), sec. 1443, pars. 3-4-8. The cost of a local improvement ought to be assessed on particular property only to the extent that it is specially and peculiarly benefited, and since the expense beyond that is benefit to the municipality at large, it ought to be borne by the general treasury. Any other rule is unequal, arbitrary and oppressive. Chouteau v. Leffiingwell, 54 Mo. 474; Ins. Co. v. Preston, 71 Fed. 817; 4 Dillon on Mun. Corp. (5 Ed.), sec. 1443, pars. 3-4-8, and sec. 1437; Hammet v. Philadelphia, 65 Pa. 154; Tidewater Co. v. Coster, 18 N. J. Eq. 529; 2 Cooley on Taxation (3 Ed.), p. 1255; 1 Hare on Const. Law, pp. 314-315. It is generally recognized and adopted as a rule by many legislatures and courts that in assessing the benefits of a trunk sewer, the cost of supplying local drainage for

the district, is the measure of benefits to the district and the excess cost necessary to drain lands outside of the district is the public or general benefits. 4 Dillon on Mun. Corp., sec. 1460 (5 Ed.), p. 2619, note; Beechwood Ave. Sewer, 179 Pa. 490; Park Ave. Sewers, 169 Pa. 433; 2 Beach on Pub. Corp., sec. 1092; Witman v. Reading, 169 Pa. 375; Gray v. Boston, 139 Mass. 328; Alley v. Lebanon, 146 Ind. 125; Toledo v. Ford, 59 N. E. 779; McMakin v. Cincinnati, 1 Ohio Dec. 141. Any increase of cost in a sewer due to the fact that it drains other property, which cannot be included in the assessment, is unequal and invalid. Eyerman v. Blakely, 78 Mo. 151; South Highland Co. v. Kansas City, 172 Mo. 531; Page & Jones on Taxation by Assessment, secs. 563, 658; State ex rel. v. Union, 53 N. J. L. 67; Bayonne v. Morris, 61 N. J. L. 127; Boyden v. Battlebro, 65 Vt. 504; Hanscom v. Omaha, 11 Neb. 43. (3) Any consideration, other than the public good, influencing the legislative discretion of a municipal government is an abuse of such discretion, and a fraud on the law and is contrary to public policy. Dillon on Mun. Corp. (5 Ed.), secs. 245, 792; Gurnsey v. Edwards, 26 N. H. 229; Smith v. Conway, 17 N. H. 586; Pepin Co. v. Puindle, 61 Wis. 310; Bill v. Elting, 29 Kan. 397; Howard v. First Church, 18 Md. 451; Maguire v. Smock, 42 Ind. 1; In re First Street, 66 Mich. 42; Commonwealth v. Cambridge, 7 Mass. 567; Commonwealth v. Samin, 19 Mass. 547; Townsend v. Hoyle, 20 Conn. 1. (4) An agreement on the part of a city to exempt, omit or relieve property from payment of special taxes for improvements is void. Vrana v. St. Louis, 164 Mo. 146; Ratcliffe v. Duncan, 130 Mo. App. 695; State v. Railway, 75 Mo. 208; Masters v. Portland, 24 Ore. 161; Fairbanks v. Fitchburg, 132 Mass. 42. And the omission of such property from taxation vitiates the tax bills and whole proceedings. 4 Cooley on Taxation (3 Ed.), chap. 6, p. 382; Meketchnie V. Co. v. Cavandaniga, 44 N. Y. Supp. 317, affirmed 162 N. Y.

631; Vandeventer v. Long Island, 139 N. Y. 139; Green Bay & M. Co. v. Centagamin, 76 Wis. 587; Chicago v. Baer, 41 Ill. 306; 1 Page & Jones on Taxation by Assessment, secs. 639, 616; Weeks v. Milwaukee, 10 Wis. 263. Ordinances fair on their face, passed in pursuance of an illegal purpose or agreement are void, and parol evidence may be used to prove same. City v. Hyde, 196 Mo. 498; State ex rel. v. Gates, 190 Mo. 540.

*Charles W. Bates, William E. Baird* and *Truman P. Young* for respondents.

(1) The charter of the city of St. Louis was enacted by the voters of the city under authority of the Constitution, and is a public law of which the courts take judicial notice, and has all the force and effect of an act of the General Assembly of the State. Constitution, art. 9, secs. 20-25; St. Louis v. Lang, 131 Mo. 420; St. Louis v. Fischer, 167 Mo. 660; Meier v. St. Louis, 180 Mo. 409. (2) The Municipal Assembly having express charter power to build district sewers, determine the class of sewers to be built, and establish taxing districts within which to assess property for the payment of the cost of such sewers, the passage of the ordinances for those purposes upon the recommendation of the Board of Public Improvements, as provided by the charter, is conclusive determination of those questions at least in the absence of fraud or imposition. These are legislative and not judicial questions. Prior v. Construction Co., 170 Mo. 439; Johnson v. Duer, 115 Mo. 376; Asphalt Co. v. French, 158 Mo. 534; Heman v. Allen, 156 Mo. 543; Heman v. Schulte, 166 Mo. 417; McGehee v. Walsh, 249 Mo. 266; State ex rel. v. Schweickhart, 109 Mo. 511; Skinker v. Heman, 148 Mo. 355; Kansas City v. Richards, 34 Mo. App. 521. (b) The same favorable presumptions as to reasonableness and validity attach to ordinances passed in the exercise of express charter power as to acts of the Legis-

lature. St. Louis v. Fischer, 167 Mo. 663; Prior v. Construction Co., 170 Mo. 439; Skinker v. Heman, 148 Mo. 349; State ex rel. v. Schweickhart, 109 Mo. 511; Morse v. West Port, 110 Mo. 508. The special tax bills issued in payment for the cost of a public improvement is prima-facie evidence of the validity of all acts leading up to its issuance. Halsey v. Richardson, 139 Mo. App. 157; Michel v. Taylor, 143 Mo. App. 683; Granite Co. v. McManus, 144 Mo. App. 593. The attack on the special tax bill is based on the invalidity of the sewer ordinances and the ordinances being within the express power of the city to enact the burden is on plaintiff to show by extrinsic matter the invalidity of the ordinances. (3) If the propriety of interference by the courts were unquestioned, nevertheless the ordinances providing for the sewers in the watershed under consideration were neither unreasonable, oppressive nor subversive of the rights of the plaintiff, and cannot be held void on any such ground. Prior v. Construction Co., 170 Mo. 439; Joseph v. Farrel, 106 Mo. 443; Glasgow v. St. Louis, 107 Mo. 198; Morse v. Westport, 136 Mo. 276; Skinker v. Heman, 148 Mo. 356; Heman v. Schulte, 166 Mo. 409. (4) The facts show no fraud on the part of any one. Heman v. Schulte, 166 Mo. 417; Prior v. Construction Co., 170 Mo. 451; Glasgow v. St. Louis, 107 Mo. 203. (5) Furthermore the bill does not allege that the contractor had any knowledge of or that he was a party to the alleged fraudulent dealings of the officers of the city with the board of managers of the Calvary Cemetery Association, nor does the evidence even remotely suggest that it participated therein or knew thereof. His rights cannot be affected by such dealings, no matter what they were. Bank v. Western, 147 Mo. 483; Asphalt Co. v. Hezel, 155 Mo. 391; Asphalt Co. v. Field, 188 Mo. 182; Bank v. Hutton, 224 Mo. 42; South Co. v. Crommer, 202 Mo. 521; Strong v. Whybark, 204 Mo. App. 348; Holliday v. Jackson, 30 Mo. App. 263. (6)

The constitutional objections suggested by plaintiff have been settled adversely to plaintiff's contentions and upholding the validity of the ordinances by repeated decisions of this court and those of the Supreme Court of the United States. Prior v. Construction Co., 170 Mo. 448; McGhee v. Walsh, 249 Mo. 266; Heman v. Schulte, 166 Mo. 409; Meier v. St. Louis, 180 Mo. 408; Heman v. Allen, 156 Mo. 543; Schumate v. Heman, 181 U. S. 402; French v. Asphalt Pav. Co., 181 U. S. 324; Bridge Co. v. Henderson, 173 U. S. 614; Webster v. Fargo, 181 U. S. 394; Chadwick v. Kelly, 187 U. S. 540; Wright v. Davidson, 181 U. S. 371, 379; Farrar v. St. Louis, 80 Mo. 379, 386-391; St. Joe v. Owen, 110 Mo. 455. (7) Special assessments for local improvements are made under the taxing power. Garrett v. St. Louis, 25 Mo. 508; Heman v. Allen, 156 Mo. 543; Heman v. Schulte, 166 Mo. 409; Asphalt Co. v. French, 158 Mo. 545; Meier v. St. Louis, 180 Mo. 408. The establishment of a taxing district, the sewer district in this case, is for the Legislature and not the judiciary, and so is the apportionment of the tax alike on all similarly situated in the district. Meier v. St. Louis, 180 Mo. 408; Prior v. Construction Co., 170 Mo. 451. (8) The city has lawful power to construct a sewer to be paid for solely by special assessments in a taxing district, although such sewer must from the topography of surrounding territory carry water coming into such district from higher ground. Prior v. Construction Co., 170 Mo. 439.

## STATEMENT.

Plaintiff owns lot number 7, city block number 5949, located in Baden Sewer District No. 1, laid out by the ordinance number —— city of St. Louis. The watershed drained by the district sewer constructed under this ordinance embraces 2266 acres. Of this, 938 acres lie outside of the city limits, and 1338 acres are

within the city. The outlying land and 583 acres adjacent to it, and within the western limits of the city, are drained by the district sewer in question. Just east of that, a second section embracing 356 acres lying in the city and running through Calvary cemetery, is drained by public sewer. Just east of this section are 399 acres also drained by a public sewer, which empties into the Mississippi River. The last two sections drained by the two public sewers were constructed and paid for by the city. These are the largest and most expensive, for they are built so as to drain all the flow from the west as well as the lateral drains, and to carry off the rainfall. The first section, wherein the district sewer was constructed by the defendant contractor, was built so as to carry off the water of the south branch of Gingrass Creek, a small stream sometimes dry, which collected water flowing from the outlying lands as well as the drainage of the section of the city through which it runs, until it united with another fork and both carried off through the public sewers emptying into the Mississippi.

These three sewers were constructed under ordinances duly enacted by the city of St. Louis, which laid off their respective districts and provided for their construction, and provided for the issuance of tax bills against the property-owners in the district where Baden sewer district was established. Tax bill number 12118 for $80.14 was issued to the defendant contractor against the property of plaintiff in accordance with the benefits assessed to it. Plaintiff brings this action, accompanied by a tender of $60 paid into the court, to cancel said tax bill on the ground that it embraced an overcharge against its property and that the ordinance under which it was issued is void for the reason that the city had no charter power to enact it; and that it was enacted in consideration of a fraudulent agreement between the city and the cemetery association through whose grounds one of the public

sewers is laid. The city of St. Louis, the contractor who built the sewers in the district where the plaintiff's property lies, and a trust company which holds some of the tax bills, are made parties defendant. All the defendants answer by general denial. After hearing the evidence adduced by the plaintiff, the trial court dismissed its petition and it duly appealed to this court.

The errors assigned by the plaintiff will be considered in connection with the relevant evidence.

## OPINION.

BOND, J. (After stating the facts as above).—It is claimed that the sewer district ordinance "is arbitrary, unreasonable, fraudulent, oppressive and void," in that it did not provide for the construction of a sewer through the territory where plaintiff's property is situated according to the provisions of an act of the Legislature of 1905 (Laws 1905, p. 62), which provided for the establishment of sanitary districts and for the construction of sewers over areas lying partly within the corporate limits of a city and partly within a county. Appellant also claims that the failure of the city of St. Louis to follow these provisions in reference to the construction of the sewer in question, imposed the cost of its construction upon the property of plaintiff and others lying within the city limits, instead of imposing the costs of construction upon the whole territory within and without the city, as would have been done, if the legislative plan had been adopted by the city.

An examination of the terms of this act discloses that it merely provides a scheme by which any city and county falling within its purview, may establish a sanitary district wherein sewers may be constructed for draining the same and the cost may be assessed against "all the lands lying within such sanitary dis-

*Sewers: Optional Enabling Act.*

trict." But the act neither by its terms, nor legal import, prevents the city from exercising any charter powers possessed by it as to building sewers or establishing sewer districts and assessing the benefits thereof against the property lying within them. The statute only provides for joint action between a city and a contiguous county when the authorities representing the two corporations, see fit to take the necessary steps to avail themselves of the provisions of the law. The statute is not mandatory, but optional, and neither the city nor the county lose any charter or legal powers as to the construction of sewers in their respective limits, by failing or omitting to take advantage of the provisions of the general law. The charter of the city of St. Louis is judicially cognizable by us. All its provisions for the building of sewers, the establishment of sewer districts, letting of contracts, the assessment against the property benefited of the cost thereof, and the issuance of tax bills, appear to have been observed in the present case in the ordinance regularly enacted by the Municipal Assembly by virtue of the discretion entrusted to it. The validity of this ordinance is not affected by the fact that the city of St. Louis might have availed itself of the provisions of the act of 1905, if the county in which the outlying lands are situated, had been willing to act in concert with it. We therefore overrule the assignment of error that the ordinance in question is rendered invalid by the provisions of the act of the Legislature of 1905, or by the failure of the city to avail itself of that method of constructing the sewers through the district where plaintiff is situated.

II. It is next urged by the appellant that because this sewer was constructed of greater dimensions than was otherwise necessary, in order to carry off the waters of a stream (south fork of Gingrass Creek)

Sewer: Tax to Drain Outlying Higher Ground.

which drained an area outside as well as within the city, an additional cost of construction was incurred, which is not chargeable against the property of the plaintiff or other property-owners, and that the ordinance providing for this construction is void, and the tax bill issued thereunder is unjust above the amount tendered by the plaintiff.

The ordinance under which the tax bill sought to be cancelled was issued was enacted in conformity with the charter of the city of St. Louis as amended in 1901. [Charter, art. 6, secs. 20, 22.] It has been uniformly held that the action of the city legislature in pursuance of charter powers, in establishing a district to be benefited by sewers or other public improvements so as to justify a special assessment against the property lying within the district, is conclusive, in the absence of any evidence that it was procured by fraud or proof that it is manifestly arbitrary or unreasonable, or that the assessment is palpably unjust and oppressive. [Cooley on Tax. (3 Ed.), p. 1256-7-8; McGhee v. Walsh, 249 Mo. 266; Heman v. Schulte, 166 Mo. l. c. 417; Heman v. Allen, 156 Mo. l. c. 543; Prior v. Const. Co., 170 Mo. 439; City of St. Louis v. Fischer, 167 Mo. l. c. 663; State v. Light & Power Co., 246 Mo. 653; State v. Light & Dev. Co., 246 Mo. 618; Bank v. Woosyen, 147 Mo. l. c. 483; Skinker v. Heman, 148 Mo. 349.]

The record in this case discloses that the watershed served by this sewer, laid partly outside the city limits, was traversed by the south fork of Gingrass Creek, which was a small stream practically dry except in wet weather. No sewer could be built of insufficient capacity to carry off the accumulation and drainage of this stream, without exposing the property-owners to the dangers of an overflow of the creek at every rainfall. Necessarily the sewer, in order to accomplish its purpose, must be built big enough to enclose and carry off the polluted waters of Gingrass

Creek. The existence of the stream was due to the topography of the watersheds, and that fact made it the duty of the city to provide a sewer adequate to the demands created by natural conditions in the locality to be drained. The lot purchased by the plaintiff was located in such surroundings as to make it a servient estate and was specially benefited in proportion to the protection which the sewer, thus constructed, gave it against the damage from the flowage from higher ground. This specific benefit was the legal basis of an assessment equivalent to the proportion of the cost of the sewer justly chargeable against plaintiff's lot, and if the $80.14, instead of $60 (which plaintiff paid into court), was assessed because the sewer was made large enough to carry off the drainage which accumulated in the natural water course, then no constitutional right of plaintiff's was violated; for the tax represented only the special benefit accruing to it and other property-owners in the district through which this stream ran, and was therefore in strict accordance with the established law governing such assessments.

We conclude that this assignment of error is not well taken.

III. It is contended by the appellant that the ordinance in question was enacted by a corrupt agreement entered into by the city of St. Louis and the managers of Calvary cemetery, which was a considerable property-owner in the section wherein a public sewer was laid.

Corrupt Bargain Between City and Land Owner.

A careful examination of the evidence touching this contention discloses no substantial testimony in its support. There was some correspondence between the city and the managers of the cemetery association relative to the obtention of a right of way through its grounds, which resulted in contracts between them, granting a right of way and agreeing to pay $10,000 to the city, and requiring the contractor

to fill up Gingrass Creek with the earth excavated in digging the sewer. But there is a total failure of proof of any corruption or bribery connected with these transactions or that the city was influenced in the exercise of its legislative discretion by any improper motive or that there was any intention on the part of the managers of the cemetery association to do so.

Neither is there any evidence in this record that the contractor who built the sewer which drained plaintiff's property with its knowledge and without any protest or objection, had any notice of the alleged fraudulent conduct of the city officers and the managers of the cemetery association. That he could not otherwise be prejudiced, even if such misconduct had been shown, is well settled. [Jaicks v. Merrill, 201 Mo. l. c. 110; Paving Co. v. Field, 188 Mo. 182; Bank v. Hutton, 224 Mo. 42; Lumber Co. v. Crommer, 202 Mo. l. c. 521; Strong v. Whybark, 204 Mo. l. c. 348.]

The judgment of the trial court is affirmed.

All concur. *Woodson, J.,* in result.